, JACOB L. GODING *vs.* JACOB ROSCENTHAL.

Worcester.    September 30, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Bankruptcy,* Contingent claims. *Surety. Contract,* Implied.

In an action to recover money paid by the plaintiff as surety on the defendant's bond given in another suit to dissolve an attachment, the defence relied upon was the defendant's discharge in bankruptcy. The plaintiff signed the bond on March 29, 1898. His payment as surety was on June 12, 1900. The defendant's petition in bankruptcy was filed on February 13, 1900, and on April 10, 1900, he received his discharge. *Held,* that the debt due the plaintiff was contingent upon a breach of the bond and his payment as surety, which did not occur until after the defendant's discharge. Therefore at the time of the adjudication of bankruptcy the plaintiff's claim was a contingent one and as such not provable under the bankruptcy act of 1898, and so not discharged.

The assumption in *Morgan* v. *Wordell,* 178 Mass. 350, that the Supreme Court of the United States would decide, that under the bankruptcy act of 1898 claims contingent at the time of the adjudication of bankruptcy cannot be proved, was followed in this case.

CONTRACT to recover for the amount paid by the plaintiff on account of his liability as surety on the defendant's bond, dated March 29, 1898, to dissolve an attachment in another suit brought by one Sarah Aug. Writ dated October 26, 1900.

The defence relied upon was that the plaintiff's claim was barred by the defendant's discharge in bankruptcy.

At the trial in the Superior Court, before *Bell,* J., it appeared by undisputed evidence that the plaintiff signed as surety for the defendant as alleged, and that on June 12, 1900, he paid $200 to Aug in discharge of his liability on the bond and in satisfac-

tion of the judgment in the other suit.   It also appeared that on February 13, 1900, the defendant filed a petition in bankruptcy in the United States District Court in Boston, and that he received his discharge on April 10, 1900.

Upon this evidence the judge ruled that the plaintiff could not recover upon the first count of his declaration, which was for the cause of action above stated, and allowed him to go to the jury on a second count, not material.   The plaintiff excepted to the ruling.   The only questions raised and argued at the trial under the first count were, whether the claim of the plaintiff was provable in bankruptcy, and whether the defendant's discharge in bankruptcy was a bar to this action.

Upon the second count the jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the ruling on the first count.

*B. W. Potter*, for the plaintiff.

*W. Thayer & H. W. Cobb*, for the defendant.

BARKER, J.   By the execution of the bond of March 29, 1898, to Aug, in which the present plaintiff was a surety for the present defendant, the latter incurred an obligation to the present plaintiff to reimburse him any amount which he might be compelled as surety to pay upon the bond.   This obligation was in force when on February 13, 1900, the present defendant's petition in bankruptcy was filed.   It was an obligation founded upon an implied contract, and it was evidenced by an instrument in writing, and in one sense it was a fixed liability.   But no debt was absolutely owing at the time of the petition.   The obligation was contingent upon the happening of a breach of the bond and a payment by the surety.   The payment by the surety was not until June 12, 1900, and there seems to have been no breach of the bond before that date.   Therefore neither the obligee in the bond nor the surety could prove in the bankruptcy proceedings a claim founded upon the bond unless merely contingent claims are provable under the bankruptcy act of 1898.   The ultimate decision of that question is yet to be made by the Supreme Court of the United States.   But in *Morgan v. Wordell*, 178 Mass. 350, this court assumed that such claims were not provable under the act, and we follow that view in the present case.

*Exceptions sustained.*