### INTERNATIONAL TRUST CO. v. WEEKS.

(Circuit Court, D. Massachusetts. July 29, 1902.)

#### No. 1,173.

1. FEDERAL COURT—JURISDICTION.

Guaranty Co. v. Hanway, 104 Fed. 369, 44 C. C. A. 312, followed as to the proposition that an action against an agent appointed by the shareholders of a national bank to close its affairs is a suit which arises under the laws of the United States, of which a federal court has jurisdiction.

2. LEASE—COVENANTS—ACTION—ANSWER—DEMURRER.

A lease provided that the premises should be used as business offices, and for no other purpose, and that on default by the lessee the lessors might take possession, and relet the premises at the risk of the lessee. On the lessee becoming insolvent, the lessors took possession, and thereafter brought an action under the lease to recover an amount equivalent to the rent reserved and accruing since they took possession. The answer alleged that responsible parties were ready and offered to take a lease at a rent greater than that reserved, but that plaintiff arbitrarily refused to accept said parties as tenants of the premises. The names of the proposed tenants were not stated, nor when the offer to rent was made, nor facts showing their responsibility, nor that they would use the premises for office purposes only. *Held*, that a demurrer to such answer should be sustained.

Robert M. Morse, for plaintiff.
Carver & Blodgett, for defendant.

PUTNAM, Circuit Judge. This is a suit at common law against an agent appointed by the shareholders of the Broadway National Bank to close its affairs. The allegations are such that jurisdiction is sustainable provided the case is one for "winding up" the affairs of the bank, or one which arises under the laws of the United States; otherwise, jurisdiction cannot be retained. Following the practice in this circuit of yielding to the decisions of the circuit court of appeals in other circuits, we regard ourselves bound by Guarantee Co.

v. Hanway, 44 C. C. A. 312, 104 Fed. 369, and McCartney v. Earle (C. C. A.) 115 Fed. 462. Consequently, we retain the suit.

The action relates to a lease of certain premises owned by the International Trust Company, and rented by it to the Broadway National Bank. The Broadway National Bank became insolvent, and thereupon, as provided in the lease, the plaintiff entered upon, and took possession of, the premises. Nevertheless, it has brought on the covenants of the lease this action for an amount equivalent to the rent reserved and accruing since it thus entered. This action, of course, could not be maintained as at common law for debt for rent, but it rests entirely upon the covenants referred to.

The lease provided that, after such an entry, the lessors might, "at their discretion, relet the premises at the risk of the lessee," who should remain for the residue of the term responsible for the rent reserved, and be credited with such amounts only as shall be by the lessors actually realized. Among other things, in the answer to the declaration is a claim that "suitable and responsible parties" were ready and willing, and actually offered, to take a lease "at a rent greater than that reserved," but "that, nevertheless, the plaintiff wholly and arbitrarily refused to accept said parties, or any of them, as tenants of the premises." There is no allegation of an actual letting. The lease provided that the premises should be used as business offices, and "for no other purpose." The answer does not, in terms, meet this limitation. The plaintiff demurred generally to this part of the answer, but expressed itself orally as content to have the demurrer disposed of as though there were an exact traverse in this particular.

The purport of this defense is to raise a counterclaim on the ground that, on just rules of construction, the expressions in the lease to which we have referred cannot be taken literally; and it further raises the proposition that, if taken literally, the stipulations amount to a penalty, against which the Broadway National Bank is entitled to be relieved on doing complete equity, on the usual grounds on which relief of that nature is obtained. Association v. Moore, 183 U. S. 642, 659, 22 Sup. Ct. 240, 46 L. Ed. 366, and sequence. The questions whether this defense can be raised by a counterclaim, or whether the defendant, if entitled to relief, must seek it by a cross suit at law or in equity, or whether, on a proper construction of the stipulations on which the plaintiff relies, they should be regarded as a penalty, or whether, if taken as such, relief can be obtained in this suit, or only by a cross bill in equity, are all so difficult that we must decline to dispose of them on this record, notwithstanding the plaintiff's concession, to which we have referred.

In addition to its failure to traverse the declaration in the substantial matters to which we have referred, the portion of the answer demurred to fails to give any of the circumstantial details which the ordinary rules of pleading require. It should allege who was the party that offered to take the lease of the premises, giving names and dates, and point out in what respects he was "suitable and responsible," instead of using the general phraseology which we find

in it. It is true that defects of this character, according to the ordinary rules of pleading, cannot be availed of on general demurrer; nevertheless the court would be more at ease in disposing of the questions which the pleadings raise if the answer conformed to the suggestions which we have made.

The plaintiff's demurrer is sustained, and the portion of the answer demurred to is adjudged insufficient, as not responsive to the declaration; and this without prejudice to a motion to amend the answer, or to the consideration at the trial of any facts which are open under the portions of the answer not demurred to.