MICHAEL SMITH *vs.* PATRICK J. McQUILLIN.

Bristol.    October 22, 1906. — December 10, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Bankruptcy*, Contingent claims.   *Surety*.   *Contract*, Implied: common counts.

In an action to recover money paid by the plaintiff as surety on the defendant's bond given in another action to dissolve an attachment, the defence relied upon was the defendant's discharge in bankruptcy. It appeared that the defendant went into bankruptcy and was discharged between the bringing of the action on the bond and the recovery of judgment, and that the plaintiff had no notice or actual knowledge of the bankruptcy proceedings. *Held*, that at the time of the adjudication in bankruptcy the plaintiff's claim was a contingent one and as such was not provable under the bankruptcy act of 1898, and so was not discharged. Following *Goding* v. *Roscenthal*, 180 Mass. 43.

CONTRACT for the amount paid by the plaintiff in satisfaction of a judgment obtained against him as surety on the defendant's bond given on January 30, 1899, to dissolve an attachment against the defendant.    Writ dated September 22, 1904.

The case came on to be tried before *Fox*, J., the facts being undisputed and agreed to by the parties. Those which are material are stated in the opinion. The defendant relied in defence on his discharge in bankruptcy. His petition in bankruptcy was filed on November 26, 1902, and his discharge was granted

on April 14, 1903. The action against the plaintiff and another as sureties on the defendant's bond to dissolve the attachment was brought on January 2, 1902, and judgment was entered against the plaintiff on September 6, 1904. On September 20, 1904, the plaintiff satisfied that judgment by paying the amount of $617.90. The plaintiff had no notice or actual knowledge of the bankruptcy proceedings.

The judge ordered a verdict for the plaintiff in the sum of $668.37, and at the defendant's request reported the case for determination by this court, under an agreement of the parties that if the ordering of the verdict was affirmed judgment was to be entered thereon, and that otherwise judgment was to be entered for the defendant.

*A. N. Lincoln & A. H. Hood,* for the defendant.

*F. A. Pease,* for the plaintiff.

MORTON, J. The plaintiff was surety on a bond given by the defendant to dissolve an attachment. Judgment was recovered against the defendant in the action in which the attachment was made, and was satisfied in part by the defendant. Afterwards an action was brought on the bond by the judgment creditor against the present plaintiff and the other surety. In the action thus brought judgment was rendered against the present plaintiff, and on demand he paid and satisfied the judgment. Between the bringing of the action on the bond and the recovery of judgment the present defendant went into bankruptcy and was discharged. He sets up that discharge in defence of the present action. We have stated what we regard as the essential facts omitting the others. The questions are whether the plaintiff's claim was provable in bankruptcy and if so whether it was duly scheduled, it being found that the plaintiff had no notice or actual knowledge of the bankruptcy proceedings.

If the claim was not provable in bankruptcy it is immaterial whether it was properly scheduled or not, and therefore the first question is whether it was provable. There are strong reasons why the claim should be held to be provable. But in *Morgan* v. *Wordell,* 178 Mass. 350, it was assumed that contingent claims were not provable under the present bankruptcy act. That assumption has been followed since, ( *Goding* v. *Roscenthal,* 180 Mass. 43, *Dunbar* v. *Dunbar,* 180 Mass. 170,) and we are

unable to distinguish this case from *Goding* v. *Roscenthal*, where a similar claim was held not to be provable. Therefore in accordance with the terms of the report the entry will be judgment on the verdict.

*So ordered.*