CHARLES E. COTTING & others, trustees, *vs.* HOOPER, LEWIS AND COMPANY, INCORPORATED, & another.

Suffolk.    November 18, 1914. — February 26, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Assignment,* For benefit of creditors. *Bankruptcy.*

Under the provisions of an assignment for the benefit of creditors, that the net proceeds of the estate of the assignor shall be distributed in substantial conformity with the "bankruptcy acts of the United States," and that the obligations and liabilities of the assignee are limited to such debts, obligations and liabilities as are provable "against the estates of bankrupts under said bankruptcy acts, and are not entitled to priority under said acts," the assignee need not recognize as a creditor entitled to the benefits of the assignment one, the existence of whose debt, whether liquidated or unliquidated, is contingent at the time of the delivery of the assignment.

Accordingly where, at the time of the delivery of the assignment above described, the assignor was occupying certain land under a lease which provided that, upon the making of such an assignment the lessor might "immediately, or at any time thereafter" enter upon and repossess the demised premises, and that, upon his electing so to do, he should be entitled to indemnity for the rest of the term for loss of rents and other payments due under the lease, or, at his election, to damages in such sum as would measure the difference between the rental value of the premises and the rent reserved with other payments, the lessor, under the above quoted provisions of the lease, is not a creditor entitled to benefit under the assignment, because, at the time of the delivery of the assignment, he had not and could not have made an election as to which of the privileges given him by the lease he should follow, and therefore his debt was contingent.

BILL IN EQUITY, filed in the Superior Court on March 31, 1914, and afterwards amended, against the corporation Hooper, Lewis and Company, Inc., and Albert F. Rebhan, its assignee for the benefit of its creditors, seeking to compel the defendant Rebhan to recognize the plaintiffs as creditors of the defendant corporation under the provisions of a lease of a building to be occupied as a store by the defendant, and as entitled to the benefits of the assignment, as stated in the opinion.

The defendants severally demurred to the bill. The demurrers were sustained by *Wait,* J., and a final decree was entered dismissing the bill. The plaintiffs appealed.

*B. E. Eames,* (*A. L. Jackson* with him,) for the plaintiffs.

*F. L. Norton,* for the defendants.

BRALEY, J. By the assignment of the defendant corporation for the benefit of creditors the lessors had the right to enter upon the premises and terminate the lease. And under the lessee's covenants that, upon termination, the lessors for the remainder of the term should be entitled to indemnity against loss of rents and other payments, or at their election to demand the payment of damages in such sum as would measure the difference between the rental value of the premises and the rent reserved with other payments, they assented to the assignment as required by its terms and asserted that as creditors they should be permitted to share in the distribution of the net assets. The defendant assignee having refused to recognize the claim, they ask by the bill as amended that the damages may be ascertained and allowed against the estate.

If the assignment contained no provisions as to the nature and

character of the liabilities of the assignor, upon which dividends were payable, the question whether the plaintiffs can participate would have to be determined as at common law. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461. *Smith* v. *Goodman,* 149 Ill. 75. But as the instrument expressly provides that the net proceeds shall be distributed in substantial conformity with the "bankruptcy acts of the United States" and the obligations and liabilities of the assignor are limited to such debts, obligations and liabilities as are provable "against the estates of bankrupts under said bankruptcy acts, and are not entitled to priority under said acts," § 63 of the U. S. St. of 1898, c. 541, is by reference incorporated and must be followed by the trustee. *Lipsky* v. *Heller,* 199 Mass. 310, 315. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461.

The material portions are as follows: "a Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not . . . ; (4) founded upon an open account, or upon a contract express or implied; . . . b Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate." It was said in *Dunbar* v. *Dunbar,* 190 U. S. 340, that the purpose of § 63 b was to permit an unliquidated claim coming within the terms of § 63 a to be liquidated as the court might direct; and in *Zavelo* v. *Reeves,* 227 U. S. 625, that the debts or claims provable under the several classes of liabilities of § 63 are debts or claims which existed at and before the filing of the petition. It follows that omissions cannot be supplied by construction based on the U. S. St. of 1867, c. 176, § 19, providing for the proof of contingent liabilities, and the liability of the bankrupt is to be ascertained solely as of the date of filing the petition. If the existence of the debt or claim, whether liquidated or unliquidated, is then contingent, it is not provable. *Morgan* v. *Wordell,* 178 Mass. 350. *Goding* v. *Roscenthal,* 180 Mass. 43. *Dunbar* v. *Dunbar,* 180 Mass. 170. *Harmon* v. *McDonald,* 187 Mass. 578. *Smith* v. *McQuillen,* 193 Mass. 289. *Wetmore* v. *Markoe,* 196 U. S. 68. The distinction between demands, whose existence

depends on a contingency, and existing demands, the cause of action upon which is dependent upon a contingency, is clearly pointed out in *French* v. *Morse,* 2 Gray, 111.

The lease did not provide that upon making the assignment the leasehold should cease and determine and the lessee thereupon should become indebted for the rent payable for the unexpired term, or that rent or damages to be ascertained, as the instrument provides, should at once accrue and be payable. If either of these provisions had appeared the lessors might have contended that under § 63 a, cl. 1, 4, the liability would have been absolutely fixed concurrently with the date of the assignment, and a different question would be presented. *In re Keith-Gara Co.* 203 Fed. Rep. 585, 587. *Ludlow* v. *Pugh,* 213 Fed. Rep. 450. The right of termination under either covenant was optional with the lessors, "who may, immediately, or at any time thereafter" enter upon and repossess the demised premises. The right might or might not be exercised. If not exercised, the lessee remained bound by the covenant for rent. If exercised, then the lessors at their election upon repossession could rely on either the covenant for indemnity or the covenant for damages, but the rent ceased. The period of decision could not begin until the assignment had become operative and there could be no termination until an actual entry. It is admitted that the plaintiffs promptly entered, yet the right to either indemnity or damages did not accrue until entry, when the leasehold estate was devested and terminated. *Fifty Associates* v. *Howland,* 11 Met. 99, 102. The lessors could not have both indemnity and damages, and of course further affirmative action must be taken by making an election, which they did by bringing the present suit. It would seem to be manifest that at the date of the assignment the claim for damages was a contingent and not an existing demand, presently due, but not presently payable, even if resting upon a contract and capable of liquidation. *Savory* v. *Stocking,* 4 Cush. 607. *Deane* v. *Caldwell,* 127 Mass. 242. *Bowditch* v. *Raymond,* 146 Mass. 109, 114, 115. *McDermott* v. *Hall,* 177 Mass. 224, 225. *McIntire* v. *Cottrell,* 185 Mass. 178, 180. *Hall* v. *Middleby,* 197 Mass. 485. *Atkins* v. *Wilcox,* 105 Fed. Rep. 595. *Weeks* v. *International Trust Co.* 125 Fed. Rep. 370. And being a future demand, contingent upon uncertain events, it would not be provable. *In re Ells,* 98 Fed. Rep. 967.

*Watson* v. *Merrill*, 136 Fed. Rep. 359. *In re Roth & Appel*, 181 Fed. Rep. 667; 104 C. C. A. 649; 31 L. R. A. (N. S.) 270, note. *Slocum* v. *Soliday*, 183 Fed. Rep. 410. *Coleman Co.* v. *Withoft*, 195 Fed. Rep. 250. *In re Sherwoods, Inc.* 210 Fed. Rep. 754. *In re Jorolemon-Oliver Co.* and *In re United Shoe Machinery Co.* 213 Fed. Rep. 625. *Zavelo* v. *Reeves*, 227 U. S. 625. *Shapiro* v. *Thompson*, 160 Ala. 363. *Phenix National Bank* v. *Waterbury*, 123 App. Div. (N. Y.) 453, 457, 458.

While our conclusion is in accord with the great weight of authority, the plaintiffs place much reliance upon *In re Philip Semmer Glass Co.* 135 Fed. Rep. 77, 78, and *In re Smith*, 146 Fed. Rep. 923, which, following *Moch* v. *Market Street National Bank*, 107 Fed. Rep. 897, admitted to proof commercial paper indorsed by the bankrupt, although not due at the date of filing the petition, but maturing within the year limiting proof of claims under § 57 n; and upon *In re Caloris Manuf. Co.* 179 Fed. Rep. 722, where the lease provided that upon default in payment of rent the landlord could re-enter, terminate the lease and relet the premises, and the lessee should be liable for the difference between the rent reserved and the rent received for the remainder of the term. The tenant went into bankruptcy. The landlord re-entered and relet. The court, citing *Moch* v. *Market Street National Bank* and *In re Smith*, held that, the difference between the amounts having been liquidated within the year, it was provable.

The decision in *Moch* v. *Market Street National Bank* and the cases which follow it go, however, upon the ground that § 63 a, cl. 4, allowing proof of claims founded upon "a contract, express or implied," is distinct from § 63 a, cl. 1, requiring "a fixed liability " at the time of filing the petition. But this construction of the statute was not adopted in *Zavelo* v. *Reeves*, 227 U. S. 625, decided since the preceding cases, where the court say expressly that, "reading the whole of § 63, and considering it in connection with the spirit and purpose of the act, we deem it plain that the debts founded upon open account or upon contract, express or implied, that are provable under § 63 a 4 include only such as existed at the time of the filing of the petition in bankruptcy." If the decision in *In re D. C. Clark Shoe Co.* 211 Fed. Rep. 341 tends in principle to support the plaintiffs' contention, *Slocum* v. *Soliday*, 183 Fed. Rep. 410, previously decided in the same cir-

cuit, as well as the other cases in bankruptcy which we have cited where a similar question was adjudicated, are not referred to in the opinion.

It is unnecessary to consider the question of misjoinder, as for the reasons stated the decree sustaining the demurrer and dismissing the bill must be affirmed, with costs.

*Ordered accordingly.*