### PROVIDENCE BLDG. CO. v. ATLANTIC NAT. BANK et al.

(District Court, D. Rhode Island. January 17, 1916.)

Law No. 1232.

1. LANDLORD AND TENANT &⟶182—RE-ENTRY—COVENANTS TO INDEMNIFY.

A lease provided that, upon a re-entry by the lessor before the expiration of the term pursuant to provisions therefor, the lessee would indemnify the lessor against all loss of rent or other payments which it might incur by reason of such termination during the residue of the term. *Held*, that this contract was entire and not apportionable, and where the premises had not been relet for the unexpired term at a lower rent the lessor could not recover for each month which had elapsed since the re-entry, as the lessor might relet at an advanced rent that would more than indemnify him for any period during which the premises were unoccupied, and whether there would be any loss was merely a contingency.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 732–735; Dec. Dig. &⟶182.]

2. LANDLORD AND TENANT &⟶182—RE-ENTRY BY LESSOR—DAMAGES.

Where a lease was terminated and the future term cut off by the lessor as authorized by the lease, damages caused by the premises remaining unoccupied could not be recovered as for an anticipatory breach of the lease, or a breach of contract for the entire term of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 732–735; Dec. Dig. &⟶182.]

3. COURTS &⟶294—UNITED STATES COURTS—JURISDICTION—ACTIONS UNDER BANKING STATUTES.

Where a suit against a national bank and its receiver upon the bank's covenant in a lease to indemnify the lessor from any loss of rent in case of the lessor's re-entry was one to wind up the affairs of the bank, a federal court had jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 836; Dec. Dig. &⟶294.]

In Equity. Suit by the Providence Building Company against the Atlantic National Bank and another. On defendants' demurrers to the declaration, and on plaintiff's motion to remand. Demurrers sustained, and motion denied.

Edwards & Angell, of Providence, R. I., for plaintiff.

Mumford, Huddy & Emerson, of Providence, R. I., for defendants.

BROWN, District Judge. [1] Upon re-entry by the lessor before the expiration of the full term of the lease, pursuant to provisions for

---

such entry, and upon termination of the lease by such entry, the lessor is entitled to the benefit of the following covenant:

"The lessee for itself and for its successors and assigns covenants that in case of such termination it or they will indemnify the lessor and its assigns against all loss of rent or other payments which it or they may incur by reason of such termination during the residue of the term aforesaid. * * *"

The plaintiff contends that this covenant must be construed as a promise to indemnify each month, and that the plaintiff has a right of action for each month which has elapsed since the termination of the lease up to the date of the writ.

I am unable to give such construction to the covenant. The contract is to indemnify for loss of rent during the residue of the term. Whether there will be such loss is merely a contingency. The lessor may occupy the premises himself, or may relet at an advanced rent that will more than indemnify him for any period during which the premises were unoccupied. The contract is entire, and in its nature not apportionable.

In Woodbury v. Sparrell Print, 187 Mass. 426, 73 N. E. 547, the court considered the following provision:

"And, in case of such determination, the lessee shall be liable to the lessor for all loss and damage sustained by the lessors on account of the premises remaining unleased, or being let for the remainder of the term for a less rent than that herein reserved."

The opinion by Knowlton, C. J., states:

"The question is: When is the lessee to pay the sums referred to? The liability is independent of the obligation under the covenant to pay the rent during the term of the lease. No rent accrues after the lease is determined. The lessor has the premises, and presumably uses them or lets them to another tenant. They are liable, however, to remain unleased and unused for a time, but ordinarily not for a very long time. The lessee agrees to pay for the loss that may come from this liability. He is to pay it once for all. He does not agree to pay it in instalments. Much less does he agree to pay rent as rent, according to the covenants, for the term previously ended by the lessor's entry. We can discover nothing to show that he is to make this payment until the premises cease to remain unleased. The liability rests upon the agreement contained in the lease, and as to this there is no breach of contract on the part of the lessee, until the time for payment arrives.

"In this case the premises remained unleased until after the commencement of the suit, and the defendants had not then become liable for this loss. It follows that the decree must be reversed, and the exceptions touching this subject be sustained."

See, also, Tiffany, Landlord and Tenant, pp. 1177, 1178.

We may pass the inquiry whether, under the covenant in the case at bar, the lessor might, without express provision therefor, relet for the unexpired term of the lease, and if at a lower rent thus at once liquidate the amount of his loss, since each count in effect alleges that this has not been done. The term of the lease is 10 years, beginning January 1, 1912, and terminating December 31, 1921. It was terminated by entry in April, May, or December, 1913.

Whether there will be any loss, and, if a loss, its amount, are in the nature of the thing too conjectural to permit a present liquidation

of the liability. There is simply a contingency that there may be a claim.

[2] The doctrine of anticipatory breach of contract has, of course, no application to this covenant for indemnity; nor is there here any question of anticipatory breach of the lease, nor of damages for a breach of contract for the entire term of the lease; for the lease was terminated and the future term cut off by the lessor. See Wm. Filene Sons Co. v. Chas. F. Weed at al., Receivers (C. C. A. 1st Circuit, December 9, 1915) 230 Fed. 31, —— C. C. A. ——.

It is evident that the declaration states no cause of action for a breach of the covenant of indemnity. On the contrary, it appears both that it is uncertain that there will be such liability, and that, if liability shall arise in the future, its amount is now wholly conjectural.

The important question in the case seems to be whether the declaration states a cause of action under the covenant for indemnity against either the bank or the receiver. I am of the opinion that no count states a cause of action against either upon this covenant. I am also of the opinion that each and every count in the declaration is demurrable so far as it is based upon the covenant for indemnity.

As the date of termination of the lease is alleged differently in different counts, it may be that the plaintiff has a cause of action for rent due before the termination of the lease. It is obvious, however, that the case should not go to trial upon the present declaration.

The demurrers are sustained as to each count so far as the count is based upon the covenant for indemnity, but with liberty to the plaintiff to amend his declaration by filing, within 10 days, proper counts for rent due before the date of cancellation of the lease.

## On Plaintiff's Motion to Remand.

[3] Under the decisions in International Trust Co. v. Weeks, 203 U. S. 364, 27 Sup. Ct. 69, 51 L. Ed. 224, Id. (C. C.) 116 Fed. 898, and Weeks v. International Trust Co., 125 Fed. 370, 60 C. C. A. 236, this court seems to have jurisdiction on the ground that the suit is one to wind up the affairs of the bank.

Motion to remand denied.