ROBERT H. GARDINER, trustee, *vs.* BIRNEY C. PARSONS, assignee, & another.

Suffolk. March 22, 1916. — May 26, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Assignment,* For the benefit of creditors. *Landlord and Tenant. Election.*

A creditor who signs and accepts a common law assignment by his debtor for the benefit of creditors agrees to participate in the distribution of the property ap-

propriated for the benefit of creditors upon the conditions designated in the instrument of assignment.

A lease, which was terminated by the lessor in accordance with its terms, contained the following provision: "and the Lessee covenants that in case of such termination . . . it will indemnify the Lessor against all loss of rent and other payments which he may incur by reason of such termination during the residue of the time . . . specified for the duration of the said term; or at the election of the Lessor the Lessee will upon such termination pay to the Lessor as damages such a sum as at the time of such termination represents the difference between the rental value of the premises for the remainder of the said term and the rent and other payments herein named." In a suit in equity by the lessor against the lessee and his assignee for the benefit of creditors to enforce the rights of the plaintiff under the lease, he contended that when he entered to terminate the lease he exercised his election by claiming damages under this clause, which were to be ascertained as of the date of the termination of the lease, instead of claiming indemnity for his loss, the amount of which could not be determined until the period of the original term had ended. This contention was denied by the defendant who asserted that the plaintiff chose to claim indemnity. It was found by the trial judge that on the day of the termination of the lease the plaintiff by an oral agreement let a part of the premises to the former lessee, who continued in occupation. *Held,* that whether the plaintiff elected to claim damages or to claim indemnity was a question of fact with the burden of proof resting on the plaintiff, and that whether the plaintiff by letting a part of the premises to the former lessee waived his claim for damages also was a question of fact.

In the same case it was *held,* that, when the oral letting of a part of the premises was made to the former lessee, the former lessee must have known of the termination of his lease and consequently must have known that the covenant giving the plaintiff the right of action above described had become operative, and that the plaintiff by becoming a party to the lessee's assignment for the benefit of creditors thereby notified the assignee that he held or claimed to hold a provable claim or demand against the assignor who had executed the assignment seven days after his lease was terminated, leaving open the questions whether the plaintiff had elected to claim damages instead of indemnity and whether or not he had waived that claim.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 13, 1915, by Robert H. Gardiner of Gardiner in the State of Maine, as the trustee under a declaration of trust of the Perry Real Estate Trust, against Birney C. Parsons, as assignee for the benefit of creditors of the Lewis F. Perry and Whitney Company, a corporation, and the Lewis F. Perry and Whitney Company, setting forth the facts that are stated in the opinion and praying the ascertainment and enforcement of the plaintiff's rights under certain leases and for an accounting.

The case was heard by *Pierce,* J., who made the findings that are stated in the opinion and reported the case for determination by this court.

*A. Whiteside,* (*C. Bigelow* with him,) for the plaintiff.

*Lee M. Friedman,* for the defendants.

BRALEY, J.    By the terms of the common law assignment of the defendant lessee made for the benefit of creditors to which the plaintiff lessor seasonably became a party, "all claims are to be made up as if due on the date of these presents, adding or deducting interest as the case may be; provided, however, that in case the property hereby conveyed shall be sufficient therefor, then and in that case interest will be allowed on all claims to the time of making up the final dividend, at the rate provided in each account or obligation," and "The individuals, firms, and corporations, creditors of the party of the first part, who execute these presents, accept this conveyance in full payment, satisfaction, and discharge of all and singular their debts, claims, and demands, actions and causes of action against the party of the first part, existing at the date hereof, whether payable now or at some future time, and also all contingent claims against it as endorsers or otherwise, and absolutely release, acquit, and discharge the party of and from all such debts, claims, and demands, actions and causes of action."

The assignee is not a receiver, and in the allowance of claims and marshalling of assets he is bound by the terms of the assignment. *Matter of Hevenor,* 144 N. Y. 271, 273. *People* v. *St. Nicholas Bank of New York,* 151 N. Y. 592, 594, 595.

It was optional with the plaintiff whether he would become a party, but, upon acceptance, he agreed to participate in the distribution of the property appropriated for the benefit of creditors upon the conditions designated by the assignor. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461, and cases cited. And no provisions are found similar to those contained in the assignment construed in *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273, 275, requiring that the net proceeds should be distributed substantially in conformity with the "bankruptcy acts of the United States," and consequently the private debts and liabilities of the assignor were limited strictly to debts and liabilities recognized in bankruptcy proceedings, or in *Shaw* v. *United Shoe Machinery Co.* 220 Mass. 486, where proof of debts due from the assignor were regulated by R. L. c. 163, § 31, relating to insolvent debtors.

The single justice decided that shortly before the date of the

assignment the plaintiff made an entry upon the demised premises for the purpose of terminating the leases described in the third and fourth paragraphs of the bill. The leases thereupon having been terminated, the covenant of the lessee common to both leases "that in case of such termination . . . it will indemnify the Lessor against all loss of rent and other payments which he may incur by reason of such termination during the residue of the time . . . specified for the duration of the said term; or at the election of the Lessor the Lessee will upon such termination pay to the Lessor as damages such a sum as at the time of such termination represents the difference between the rental value of the premises for the remainder of the said term and the rent and other payments herein named," matured and became enforceable.

The plaintiff however could not recover both indemnity and damages, but must elect the ground of liability on which he proposed to hold the lessee. *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273, 276. By the express wording of the covenant, the "time of such termination" is made the point of departure, and the period ensuing is "the remainder of the said term," comprising seventy-three months. If indemnity is chosen, the lessee becomes liable for any loss resulting from a rental less than the rent reserved with other payments which the lessor may incur "by reason of such termination during the residue" of the term. It is a liability contingent upon events thereafter occurring, because the full amount which the lessee eventually must pay for the remainder of the term cannot be wholly ascertained until the period ends. *Edmands* v. *Rust & Richardson Drug Co.* 191 Mass. 123, 127. *Woodbury* v. *Sparrell Print,* 187 Mass. 426, 428. *Bowditch* v. *Raymond,* 146 Mass. 109. *Matter of Hevenor,* 144 N. Y. 271, 273.

If however the lessor elects to take damages, they are assessed as of the date of termination, and are measured by the difference between the rental value of the premises in the market for the remainder of the term "and the rent and other payments herein named."

The lessor therefore, if he desired to hold the lessee to the performance of the covenant, was required to choose between indemnity and damages. It is alleged in paragraph six of the bill, that at the date of entry the lessor did make such election and chose damages. But this allegation having been denied in the answer

and issue having been joined, the question of election was an issue of fact with the burden of proof resting on the plaintiff. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, 270. *Young* v. *Hayes*, 212 Mass. 525. It is decided by the finding of the single justice, that on the day of termination the plaintiff by an oral agreement let a portion of the premises to the former lessee who continued in occupation. Besides, paragraph five further alleges that by the agreement, the plaintiff "in no way waived . . . or in any respect abrogated, the terms of . . . said leases, or either of them, and in no way waived or released any claim or claims he had, or might have against" the lessee "for or on account of said leases . . .," and whether the plaintiff by his conduct in letting a part of the premises waived his right to damages, also was a question of fact which has not been determined. *Boyden* v. *Hill*, 198 Mass. 477, 485, 486.

The assignee, relying on the principle stated in *Hatch* v. *White*, 22 Pick. 518, 524, "that where one is bound by a covenant or agreement, to perform any act on the happening of an event within the knowledge of one party and not of the other party, in such case the law excuses the performance of the act until the party claiming shall have given notice to the other party, of the happening of the event upon which the performance was to be made," urges that there could not be an election to claim damages instead of indemnity until a notice sufficient to advise the tenant of the plaintiff's decision has been given. While the entry of the plaintiff, as we have said, ended the term, and the termination of the tenancy and the exercise of the choice given by the covenant were intended to be concurrent, and the plaintiff's undisclosed purpose or intention could not do away with the necessity within a reasonable time of some notice or unmistakable overt act from which the lessor's decision might be known, it is alleged and has been found that on the day after the leaseholds terminated the oral agreement for partial occupancy by the former lessee was made. It must be assumed from this transaction that the lessee knew of the termination and that the covenant had become operative. The plaintiff also, by becoming a party to the assignment, thereby notified the assignee that he held or claimed to hold a provable claim or demand against the assignor who executed the assignment within seven days after the tenancy ceased, and no limitation of time within which debts and demands must be proved appears

in the assignment. It is sufficient if they are presented before the assignee closes the estate or declares a dividend.

We are of opinion that under the circumstances the plaintiff's election, if made, was sufficiently manifested by his becoming a party to the assignment and the specification of his claim could be subsequently submitted. The provability of the plaintiff's damages does not depend upon the statements in his equivocal proof of claim submitted to the assignee sixty-one months after termination, but upon the question whether he actually made choice of damages as alleged in the bill, and whether such choice, if made, has been waived.

The case accordingly must stand for further hearing in the county court. If it is found that the choice has been made, and no subsequent waiver is shown, the plaintiff notwithstanding the delay has a provable claim for damages which upon liquidation are to be treated as due and payable on the date of termination and constitute a claim or debt of the assignor in existence at the date of the assignment. *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417, 455. *Bowen* v. *Hoxie,* 137 Mass. 527, 531. *Bent* v. *Hubbardston,* 138 Mass. 99, 100. *May* v. *Hammond,* 146 Mass. 439. *Woodbury* v. *Sparrell Print,* 187 Mass. 426, 428, 429, and cases cited. *Ginn* v. *Almy,* 212 Mass. 486, 494. *Chemical National Bank* v. *Hartford Deposit Co.* 161 U. S. 1. But if the plaintiff fails on this branch of the case, the proof is to be limited to the arrears of rent and other payments which accrued before the lessee assigned and which apparently are not in dispute.

*Decree accordingly.*