*Municipal Court of the City of Boston*

No. 37580

**WENTWORTH BUILDING CORP.**

v.

**ISRAEL BERNSTEIN**

(November 9, 1962—January 25, 1963)

*Present*: Gillen, J. (Presiding), Lewiton & Roberts, JJ.

Case tried to *Shamon, J.*

*Roberts, J.* This is an action of contract in which the plaintiff seeks to recover in Count 1 of its declaration the sum of $553.12 for rent under a certain lease, and under Count 2 the sum of one hundred dollars for expenses for attorney's fees as provided for in said lease.

The defendant's answer is a general denial, payment, and that the plaintiff did terminate

a lease between the plaintiff and the defendant by notice to vacate in writing served upon the defendant and by summary process proceedings and by other methods of eviction.

The defendant occupied suite #400 as a law office in the premises of the plaintiff corporation at 209 Washington Street, Boston, under the terms of a five-year lease. Rent was payable in advance on the first day of each month, and in *July,* 1960 the defendant defaulted payment, and on *July* 20 was served with a fourteen day notice to vacate the premises for non-payment of rent.

On *August* 6, 1960 the plaintiff commenced summary proceeding in the Boston Municipal Court against the defendant, and after service and entry of said proceeding the defendant vacated the premises on *August* 26 and turned the keys over to an agent of the plaintiff and paid the rent up to and including that date.

The court found for the plaintiff under Count 1 in the sum of $553.12 in damages for breach of the covenants of the lease, and for the plaintiff in Count 2 in the sum of $100 for legal services under the provisions of the lease.

The sole issue argued by the defendant concerns the ultimate effect of the termination of the lease.

Clearly, the tenancy of the defendant was terminated by the service upon him of the 14-day notice to vacate and by the commencement of the summary process proceedings and the subsequent surrender of the premises to

the plaintiff. But the defendant argues that all rights of the lessor under the covenants of its lease were thereby extinguished. We cannot agree with this contention, for the lease in question makes adequate provision for just such a contingency. Under section IV, 4th paragraph, it is provided

> "and the Lessee covenants and agrees, notwithstanding any entry or re-entry by the Lessor whether by summary proceedings, termination or otherwise, to pay and be liable for, on the days originally fixed herein for the payment thereof, amounts equal to the sevesal instalments of rent and other charges reserved as they would, under the terms of this lease, become due if this lease had not been terminated, or if the Lessor had not entered or re-entered as aforesaid, and whether the demised premises be re-let or remain vacant in whole or in part for a period less than the remainder of the term," . . . . . "or at the election of the Lessor the Lessee will upon such termination pay to the Lessor as damages such a sum as at the time of such termination represents the difference between the rental value of the premises for the remainder of said term and the rent and other payments named herein."

The trial court rightly found that this covenant, available to the plaintiff, became operative and enforceable after the termination. *Edmands v. Rust & Richardson Drug Co.,* 191 Mass. 123, 127; *Gardiner v. Parsons,* 224 Mass. 347.

While no argument has been made on the

amount of damages the court made adequate and extensive findings of fact concerning damages awarded under both Counts 1 and 2, and in our opinion there was no error. *Report dismissed.*

S. Miron Klarfeld, of Boston, for the Plaintiff.

Israel Bernstein, of Boston, pro se, for the Defendant.