WENTWORTH BUILDING CORPORATION vs. ISRAEL BERNSTEIN. November 1, 1963. Order dismissing report affirmed. The Appellate Division dismissed a report in which the judge in an action of contract, begun before the expiration of the term provided for in a written lease, awarded damages to the plaintiff lessor for breach of covenants of the lease. The defendant lessee, after summary process was returned against him following a notice to quit for nonpayment of rent, surrendered the keys and vacated the premises on August 26, 1960, paying rent up to and including that day. Damages awarded represent the loss sustained by the lessor during the period the premises were vacant commencing August 27, 1960, and ending October 31, 1960, when the lessor rented the premises to another. The lease provided that the lessor could seek indemnification or recover damages. The lease was terminated. G. L. c. 186, § 11. The alternate remedial covenants survived the termination and were enforceable. An election of remedies was, however, required. *Gardiner* v. *Parsons*, 224 Mass. 347, 350. The commencement of the instant action was an election to recover damages and was not premature. *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273, 276.

*Israel Bernstein,* pro se.

*S. Myron Klarfeld* for the plaintiff.


WANDA J. K. HOLDEN vs. THADDEUS J. HOLDEN. November 1, 1963. The decree nisi granted a divorce and $20 a week as alimony to the childless libellant. The libellee contests only the award of alimony. The judge's finding that the libellant's net average weekly earnings were $80 rather than $96.28 was, as agreed by the parties, plainly erroneous. Although the amount of the error does not completely counterbalance the award, it does, when corrected to compute the libellant's earnings on a monthly basis, result in a sum which is in excess of the libellant's monthly expenses as determined by the judge. The determined expenses include a finding of the libellant's medical needs which seems rather generous when measured against the reported testimony. Whether the judge would have awarded alimony had he correctly found the libellant's net weekly earnings we are unable to say. The decree is reversed in so far as it awards alimony and is otherwise affirmed. The case is remanded for further consideration and determination. *Hillery* v. *Hillery,* 342 Mass. 371.

*Arnold W. Olsson* for the libellee.

*Edwin P. Dunphy* for the libellant.