CITY OF MILWAUKEE, Appellant, v. PONTELL, Respondent.

*No. 41. Argued January 5, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 101.)

For the appellant there were briefs by *John J. Fleming,* city attorney, and *Wallace E. Zeddun* and *Rudolph T. Randa,* assistant city attorneys, and oral argument by *Mr. Randa.*

For the respondent there was a brief and oral argument by *Peter J. Kondos* of Milwaukee.

HALLOWS, C. J. The issue is whether a tort claim for specific amount of money for property damage based upon negligence is discharged in bankruptcy when no action is pending therefor at the time the petition in bankruptcy is filed. The defendant contends the claim was "fixed" because it was set forth in a dollar amount and therefore was discharged in bankruptcy as a provable claim. We think not.

Not all claims are discharged in bankruptcy. With six exceptions not relevant here, a discharge in bankruptcy by sec. 17 of the Bankruptcy Act releases a bankrupt only from his provable debts. Nonprovable debts and claims are unaffected by a discharge and thus can be recovered by legal action against the discharged bankrupt. *Dunbar v. Dunbar* (1903), 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084; *Goldsmith v. Overseas Scientific Corp.* (D. C. N. Y. 1960), 188 Fed. Supp. 530.

A claim to be provable in bankruptcy must satisfy the requirement of sec. 63 of the Bankruptcy Act. The pertinent sections are sec. 63a (1), (4), and (7), 11 USCA 103.[1] The defendant relies on subsections

[1] Sec. 63a of the Bankruptcy Act, 11 USCA, sec. 103, provides:
"Sec. 103. **Debts which may be proved**

"(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon

"(1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, . . .

"(4) an open account, or a contract express or implied, . . .

(1) and (4); the city contends subsection (7) governs this case because its action was not commenced prior to bankruptcy.

This latter section is a partial recognition of tort claims founded on negligence and was added to the Bankruptcy Act in 1938. Prior to that time claims based on negligence being unliquidated were not provable. If a tort claim was reduced to judgment prior to bankruptcy, such a claim was provable as a fixed liability evidenced by a judgment under sec. 63a (1). 3A Collier, *Bankruptcy* (Moore), pp. 1908, 1909, sec. 63.29. An unliquidated claim for tort, which does not constitute a breach of an express contract or result in any unjust enrichment which will render it provable as an implied contract upon the waiver of the tort, is not a provable claim unless an action therefor is "instituted prior to and pending at the time of the filing of the petition in bankruptcy." 2 Remington, *Bankruptcy* (Henderson), pp. 229, 230, sec. 815; 3A Collier, *supra,* pp. 1891–1899, sec. 63.25. Thus the general rule is that unliquidated claims for torts are not provable. *Schall v. Camors* (1920), 251 U. S. 239, 40 Sup. Ct. 135, 64 L. Ed. 247.

The city's claim cannot be considered a fixed liability under sec. 63a (1) of the Bankruptcy Act. The *ex parte* letters of the city demanding a sum certain, while fixing the asking amount so far as the city was concerned, did not determine either the amount of the claim or the liability of the defendant. Prior to bankruptcy Janet Pontell neither admitted nor agreed to the amount of the damage or that she was liable for the damage. Consequently the city's claim could not be a fixed liability nor is it evidenced by a judgment. Nor can the demand letters of the city constitute an instrument in writing binding upon the defendant.

---

"(7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy; . . ."

The amount demanded because of the negligence of the defendant was not absolutely owing at the time of the filing of the petition in bankruptcy which is required by sec. 63a (1) of the Bankruptcy Act, 2 Remington, *supra,* p. 200; and the listing of the claim in the bankruptcy schedules cannot change its nature. A claim must have all the characteristics of provability before listing and does not become provable because it is listed. The bankrupt has no such control or power over the provability of a claim. *Smith v. McQuillin* (1906), 193 Mass. 289, 79 N. E. 401.

Certainly under sec. 63a (4) of the Bankruptcy Act, the claim based on negligence is not an open-account claim as that term is generally understood; nor is the claim of a dual nature whereby the tort might be waived, leaving a basis in contract express or implied. *See Crawford v. Burke* (1904), 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147. The case of *Poznanovic v. Gilardine* (1928), 174 Minn. 89, 218 N. W. 244, relied upon by the defendant, was of this nature; but that rule is not applicable to this claim which is an ordinary, mine-run claim for damages to property caused by negligence in an automobile accident. It makes no difference whether the claim for damages is for property damage or personal property; the city's claim was not provable.

The lower court was in error in determining the city's claim was provable and therefore dischargeable.

*By the Court.*—Order reversed.