FREDERICK NICKERSON *vs.* INCREASE S. WHEELER & others.

Suffolk. March 15. — Sept. 6, 1875. AMES & ENDICOTT, JJ., absent.

If the property of the president of a manufacturing corporation, organized under tne Gen. Sts. *c.* 61, is taken in satisfaction of an execution issued on a decree in equity against himself and the other officers by which they are decreed to be personally liable to a creditor of the corporation, for neglect to file the certificates required by the St. of 1862, *c.* 210, he may maintain a bill in equity against the other officers for contribution.

BILL IN EQUITY, filed September 2, 1872, for contribution. Hearing before *Endicott*, J., who made a report of the case to the full court in substance as follows:

The plaintiff was director and president of a manufacturing corporation, organized under the Gen. Sts. c. 61, and the defendants were directors of the corporation. In 1870 a creditor recovered judgment against the corporation for a debt contracted in 1869, while the plaintiff and defendants were president and directors as aforesaid; and, an execution issued on said judgment being returned unsatisfied, afterwards filed his bill in equity against the corporation, and against the plaintiff and defendants as officers thereof, on the St. of 1862, c. 218, to recover payment from said officers of the debt due him from the corporation, upon the ground that they had neglected to file the annual certificates required by the St. of 1862, c. 210 ; and upon final hearing, obtained a decree against the plaintiff and defendants in this suit, jointly and severally, for the amount of the debt due him from the corporation, because of their neglect to file said annual certificates. It was agreed in this case that reference might be had to the record of that case remaining in this court, and to the decision of the full court, reported under the name of *Thayer* v. *New England Lithographic Steam Printing Co.* 108 Mass. 523. Execution issued upon the decree in favor of the creditor against the plaintiff and the defendants in this suit, jointly and severally, which was levied upon and satisfied out of the property of the plaintiff in this suit, July 26, 1872, who thereupon filed this bill.

Upon the foregoing facts the judge ruled that the plaintiff could maintain this bill for contribution, and was entitled to a decree against the defendant Houghton for $436, that being the sum agreed upon if anything was due, with interest from the date of the filing of the bill ; and against the defendant Burgess for the same amount, with interest from the same date, and, at the request of the defendants' counsel, reserved the case upon this ruling for the consideration of the full court.

*L. S. Dabney*, for the defendants, was first called upon. The liability of the plaintiff and defendants, for which the plaintiff is seeking contribution, arose from their neglect to perform a duty imposed upon them by the St. of 1862, c. 210. The signature and oath of the president is an essential part of the certificate required by this statute, and therefore, whatever might be said in the case of any individual director, because only a majority of the

directors is required to sign and swear, the duty imposed by the statute is one to the discharge of which the coöperation of the president is necessary. The neglect, therefore, out of which the liability of the parties arose, was a voluntary breach on the part of the plaintiff of a legal duty. The mode provided by law for the enforcement of such liability is immaterial. It is a liability arising *ex delicto*, St. 1863, *c.* 246, § 2, and the plaintiff stands *in pari delicto* with the defendants. Persons so circumstanced, unless relieved by some statute, are not entitled to contribution. *Merryweather* v. *Nixan*, 8 T. R. 186. 1 Hilliard on Torts, (3d ed.) 176, *note.* Chit. Con. (11th Am. ed.) 748, 897.

There is no statute giving contribution in such a case, although, upon examining the St. of 1862, *c.* 218, upon which the liability was enforced against the plaintiff, it appears that the Legislature, having contribution in mind, and giving it, by § 2, among stockholders, abstains from providing for it among officers, the obvious reason for the distinction being that stockholders are made liable for acts and neglects in which they do not participate, while it is otherwise as to officers. The same distinction again occurs in the St. of 1870, *c.* 224, §§ 38, 39. If the statute had given contribution among officers, it might have been claimed among those who had signed a certificate required by law knowing it to be false. The rule that there is no contribution among wrong-doers recognizes no distinction between misfeasance and nonfeasance. *Oakes* v. *Spaulding*, 40 Vt. 347. *Spalding* v. *Oakes*, 42 Vt. 343.

*C. T. Russell*, for the plaintiff, was not called upon.

DEVENS, J. It is contended that, as the liability of the plaintiff and defendants to the creditors of the corporation, of which they were officers, arose from their neglect of duty as such officers to file the annual certificate required by the St. of 1862, *c.* 210, the principle, upon which at common law it has been decided that one wrong-doer, who has paid the damages recovered on account of the wrongful act of both, is not entitled to contribution from the other, applies here, and therefore that the plaintiff cannot maintain this suit. *Merryweather* v. *Nixan*, 8 T. R. 186. But although one may have been made liable in tort, he is not necessarily deprived of contribution from another also originally liable, where the foundation of the action is simply negligence on the

part of each in carrying on some lawful transaction. Thus, where one of two coach proprietors had been made liable in tort to a party who was injured by the negligence of a servant employed by himself and another, he was entitled to contribution from his co-proprietor. *Wooley* v. *Batte*, 2 C. & P. 417. Both were engaged together in lawful business, and the negligence of which they were guilty, in employing a servant from whose misconduct injury resulted, did not place them in such position that they were treated as wrong-doers, whose action against each other could only be founded in their community of wrong. The cases of *Oakes* v. *Spaulding*, 40 Vt. 347, and *Spalding* v. *Oakes*, 42 Vt. 343, relied on by the defendants, do not conflict with this. The parties to the transaction there were engaged in what was a wrongful act as against any one injured thereby, namely, keeping a vicious animal, and the neglect to take care of it, by reason of which it did injury, was not an act of nonfeasance merely the whole act of keeping it was one of misfeasance.

The liability of the parties to this suit to the creditors of the corporation is however one imposed by statute, and should be considered in reference to the statute. By accepting their positions as officers, they impliedly agreed that they would make and publish the annual certificate, and, failing this, that they would become responsible to the creditors of the corporation. While engaged therefore in a lawful business, they have been guilty of a neglect which has exposed them to this liability. It is a liability intended to secure the making of the proper certificates, by exposing the officers to a heavy responsibility; but when the provisions of the law have been sought to be enforced against the officers, they have not been construed with the strictness of a penal statute, but have been treated as remedial in their character and intended for the benefit of creditors. *Norfolk* v. *American Steam Gas Co.* 103 Mass. 160.

The mode provided by law for the enforcement of the liability of the officers is in the nature of a suit upon a contract; all are to be joined in the suit, and the creditor cannot single out and elect only one, as he may among trespassers. St. of 1862, *c.* 218, § 4. If afterwards he may arbitrarily select upon whom he will levy his execution, and there is no contribution, this provision, which was obviously intended that all rights and liabilities might

be adjusted in one suit, would afford no benefit. In substance, the remedy provided is also in contract. The officers are not held to compensate a creditor only for the injury which he has sustained, which would be their liability in an action of tort. They are treated as assuming the responsibility of the contract made by him with the corporation, although their failure to file the certificate may have done him no injury whatever.

It is contended by the defendants that if these parties are not treated as wrong-doers, and thus deprived of any right of contribution *inter sese*, it will be impossible to treat those as such who should knowingly sign a false certificate. This, however, would be a distinct and positive wrongful act: for such a transaction none would be responsible except those actually concurring in it, and the maxim *ex turpi causa non oritur actio* might well apply among them, when it did not among those who, while prosecuting the lawful business of managing a corporation, had incurred responsibility by reason of an omission.

Contribution is indeed expressly given by the statutes among stockholders who may be made responsible for the debts of the corporation. Sts. 1862, *c.* 218, § 2; 1870, *c.* 224, §§ 30–39. And there is no such provision in regard to the officers. But it is not to be inferred from the want of such a provision that they are to be deprived of it, if according to the general principles of law, as applied to the construction of the statute, they would be entitled to it.

Nor do we perceive that the fact that it was required that the certificate should be signed and sworn to by the president, while a majority only of the directors were required to sign and swear to it, should deprive him of his right to contribution. The duty of making the certificate rested upon all, and they are alike responsible for its neglect. *Decree affirmed.*