PHILIP G. PEABODY *vs.* HARRIET E. ALLEN, administratrix.

Suffolk.    December 3, 1906. — February 28, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Executor and Administrator.*    *Words,* "May become."

On a petition to the Probate Court under Pub. Sts. c. 136, § 13 (now R. L. c. 141, § 13) to require the administrator of an estate to retain in his hands sufficient assets to satisfy a claim of the petitioner which "is or may become justly due" from the estate, the petitioner comes within the terms of the statute if he proves that he furnished the money for a joint venture of himself and the intestate on which there has been a loss, under an agreement by which the intestate was bound to pay the petitioner one half of the loss when ascertained, and that he is prosecuting a claim against a third person, whose liability is established, which when its amount is determined will diminish the amount of the deficiency, but probably will not extinguish it.

HAMMOND, J.    This is a petition brought under the provisions of Pub. Sts. c. 136, § 13, (now R. L. c. 141, § 13,) to require the respondent, as administratrix of the estate of Elbridge G. Allen, to retain in her hands a sum sufficient to satisfy the claim of the petitioner upon which no right of action existed at the time when the petition was filed.    The Probate Court made a decree in favor of the petitioner, and the case is before us upon an appeal by the respondent from a decree of a single justice of this court affirming that decree.

The statute provides that " a creditor of the deceased, whose right of action does not accrue within two years after the giving of the administration bond, may present his claim to the Probate Court at any time before the estate is fully administered ; and if, on examination thereof, it appears to the court that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient to satisfy the same."

The question is whether the claim of the petitioner is one which at the time of the filing of the petition could have been then described as one which " is or may become justly due " within the meaning of those words in the statute.    The words " or may become " were inserted in the statute by St. 1879,

c. 71.   Before that amendment it was held in *Ames* v. *Ames*, 128
Mass. 277, that where the existence of a claim depended upon a
future contingency it was not a debt justly due within the mean-
ing of this statute (Gen. Sts. c. 97, § 8).   In that case the con-
tract upon which the claim was based provided for the payment
of certain sums of money upon certain contingencies.   At the
time of the filing of the petition the contingencies had not
happened, and there was no certainty that they would happen
or that anything ever would be due under the terms of the con-
tract; and it was said that "the provisions of [Gen. Sts.] c. 97,
§ 8, are confined to cases of creditors who have debts due from
the estate, either payable presently or in the future.   They do
not extend to cases where the deceased has entered into a con-
tract which may possibly result in a debt at some future time,
but upon which there is no existing debt at the time of the ap-
plication to the judge of probate."

   The claim arises out of a contract between the petitioner and
the intestate relating to the purchase of a certain parcel of real
estate upon Buckingham Street in Boston.   The estate had been
purchased for $10,000, the money having been furnished by
Peabody, the petitioner; and the agreement in substance pro-
vided that the profits and losses of the venture were to be shared
equally between the parties.   The house was sold at a loss.   Be-
tween the purchase and the sale the value of the property had
been adversely affected by the change of grade in that neigh-
borhood under the right of eminent domain, and at the time of
the sale there was a right to compensation against the railroad
corporation which made the change.   The house was sold for
$7,128.   The income from the property during the time it was
held under this agreement was less than the amount of the in-
terest upon the sum advanced by the petitioner and the expenses.
There was therefore a loss unless the deficiency should be made
up by the amount to be recovered from the railroad corporation,
and there was an obligation on the part of the intestate to pay
to the petitioner one half of the loss as it finally should prove to
be.   At the time of the filing of this petition a suit brought by
the petitioner to recover the compensation was pending.   Here
then is an existing contract to pay to the petitioner one half of
the loss incurred in a certain joint venture.   The property has

been sold at a loss. To make up the deficiency there is a claim existing against a third party, which claim the petitioner already is prosecuting in the proper court. The petitioner represented, and the decree of the court shows that the court agreed with him, that there was a probability that the claim against this third party when recovered would not make up the deficiency, and hence that under the terms of the contract some portion of the amount required to make up the deficiency would be justly due to the petitioner. At the time of the filing of the petition every element upon which the liability of Allen was based had become certain and fixed except the simple question as to the amount of the sum to be recovered from a third party whose liability also had become fixed. In a word, the liability of the estate as it finally should turn out to be was fixed by circumstances existing at the time of the filing of the decree. Is such a claim within the statute?

In two cases this court has touched upon the meaning of the phrase in question: *Bullard* v. *Moor*, 158 Mass. 418, and *Forbes* v. *Harrington*, 171 Mass. 386. In the first it was said by Holmes, J. that the "statute must be construed reasonably. It cannot have been intended to enable any one, who has an outstanding contract made by a deceased person, to suspend the settlement of the estate indefinitely, without regard to the probability of anything becoming due upon the contract, and when it still is impossible for the Probate Court to form any estimate of what amount should be retained as ' sufficient to satisfy the same ' in the words of the statute."

The case at bar seems clearly distinguishable from these two cases. The language of the statute plainly implies that there may be at least some uncertainty as to whether or not the debt may be justly due; and while it may be difficult to give in advance any definition of the degree or kind of uncertainty allowable in a claim under the statute, it should be "construed reasonably," and it seems reasonable to hold that the statute included a claim like that of this petitioner where all the elements of liability were fixed except the amount finally to be credited upon the loss.

The cause of action did not arise until the settlement of the suit for damages against the railroad corporation. It was a joint

venture. *Williams* v. *Henshaw,* 11 Pick. 79. *Fanning* v. *Chadwick,* 3 Pick. 420.

*Decree affirmed.*

*W. H. Hastings,* for the respondent.
*L. A. Brown,* for the petitioner.