GEORGE W. ANDERSON, administrator, *vs.* METROPOLITAN STOCK EXCHANGE & others.

Suffolk.    January 9, 1908. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Statute,* Repeal.    *Executor and Administrator,* Liability under R. L. c. 141, § 26, of distributees after settlement of estate.    *Corporation,* Statutory liability of directors.    *Evidence.    Words,* " Debt," " Creditor."

An action of contract against a corporation to enforce the payment of a debt was brought on September 14, 1903, and a judgment for the plaintiff was entered in March, 1906, and, under the circumstances set forth in R. L. c. 110, § 60, the corporation neglected to pay an execution which issued thereon and it was returned unsatisfied.    A bill in equity alleging that the debts of the corporation exceeded its capital stock from 1901 to and including September 14, 1903, was brought to enforce the liability of a director under R. L. c. 110, § 58, cl. 3, " to the extent of such excess existing at the time of the commencement of the suit against the corporation in which the judgment was recovered."    The defendant contended that St. 1903, c. 437, § 95, which took effect on August 1, 1903, repealed the section relied on, and that the action accrued after that date and therefore could not be maintained.    This court, since it decided on other grounds that the bill must be dismissed, refrained from deciding that question.

On September 14, 1903, an action of contract was brought against a corporation. Judgment therein was entered on March 10, 1906, and an execution was issued which was duly served upon the corporation, and, the corporation neglecting to pay it, was returned unsatisfied on May 14, 1906.    The corporation's debts exceeded the amount of its capital stock on September 14, 1903.    One who was a director at that time died on November 1, 1903, and the administrator of his estate qualified and gave a bond on November 5, 1903.    The judgment creditor did not ask to have funds retained by the administrator as provided in R. L. c. 141, § 13, and distribution of the estate was made.    On May 19, 1906, the judgment creditor under R. L. c. 141, §§ 26, 27, providing a liability for the payment of certain

debts by heirs, next of kin, devisees and legatees of a deceased person after the expiration of the time limited for the commencement of actions against the executor or administrator in certain cases, filed a bill in equity against the distributees of the deceased director's estate to enforce against funds paid to them from that estate the director's liability under R. L. c. 110, § 58, cl. 3. *Held,* that, since the judgment creditor had not asked to have funds retained by the administrator under R. L. c. 141, § 13, the bill could not be maintained, even if such liability of the director were a debt under R. L. c. 141, § 26, which was not decided.

Whether certificates filed by the directors of a domestic corporation with the secretary of the Commonwealth as required by R. L. c. 110, § 51, containing affidavits of the officers of the corporation as to the amount of the debts of the corporation and of its capital stock, are competent to prove that the debts of a corporation exceeded its capital stock, here was not decided, but it was intimated that they probably would be admissible for such purpose, at any rate against the individuals who signed them.

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk May 19, 1906.

The original bill was against the Metropolitan Stock Exchange and Clara E. and Clara S. Wellman, and alleged that the plaintiff was administrator with the will annexed of the estate of Edwin M. Thayer who died May 1, 1903; that Thayer at various times between January 1, 1901, and at the time of his death, paid various sums to the Metropolitan Stock Exchange without consideration and in fraud of his creditors, against whom, on September 14, 1903, the plaintiff brought a suit in this court in which judgment was entered for the plaintiff in the sum of $33,368.74 and costs on March 10, 1906, and execution issued March 15, 1906; that the formalities necessary under R. L. c. 110, § 60, for the maintenance of a bill in equity to enforce a director's liability were complied with and the execution was returned unsatisfied on May 14, 1906; that the Metropolitan Stock Exchange was a corporation with a capital stock of $100,000; that at the time of the bringing of the action against it on September 14, 1903, George S. Wellman was a director of the corporation, that on that date and at all the times between January 1, 1901, and that date, the corporation's debts "exceeded its capital stock by many hundreds of thousands of dollars"; that George S. Wellman died November 1, 1903, an administrator was appointed and gave bond on November 5, 1903, and the estate was settled by distribution between the defendants of an aggregate amount of $507,000; that the plaintiff's claim against the estate of George S. Wellman could

not legally be presented to the Probate Court before November 5, 1905, the date of the expiration of the time within which claims of creditors should be presented as provided by R. L. c. 141, § 9, because the plaintiff at that time had not obtained the judgment against the corporation nor had the other events specified in R. L. c. 110, § 60, as prerequisites to the foundation of the claim, occurred, but that, within one year after the right of action accrued, the bill was brought, according to R. L. c. 141, § 27; that George S. Wellman as a director of the corporation had been liable for the debt due the plaintiff, and his estate had been liable after him, and that the defendants as distributees of the estate likewise were liable.

There was a demurrer and an order that it be sustained unless the plaintiff amended by bringing his bill in behalf of himself and all other creditors of the corporation and by joining as defendants all other officers of the corporation who were liable as the defendants' testator was alleged to be; but that, if such amendments were made, the demurrer should be overruled. The plaintiff excepted and the defendants appealed from the order, but the plaintiff amended as suggested, and other directors were joined as defendants, who filed answers setting up releases and agreements not to sue as to their liability to pay this very judgment claim, signed by the plaintiff.

The defendants Wellman filed answers, issue was joined, and there was a hearing before *Rugg,* J., who reserved the case for consideration by the full court.

From the auditor's report filed in the action against the corporation, which was in evidence at the hearing in this suit, it appeared that the action was " to recover certain moneys alleged to have been lost by the plaintiff's testate to the defendant in stock gambling transactions"; that the net loss resulting from such transactions was $29,164.06; that the moneys used by the testate were embezzled from various persons, and that as a matter of law it must be inferred from that fact that Thayer intended " to hinder, defeat and defraud his creditors"; and the auditor found for the plaintiff in the amount of the net loss on the transactions.

In support of the averments of the bill to the effect that the debts of the corporation exceeded its capital stock between

January 1, 1901, and September 14, 1903, the plaintiff offered copies of certificates filed by the corporation in the office of the secretary of the Commonwealth for the years 1901–1904, under the provisions of law now appearing in R. L. c. 110, § 51, and they were admitted as evidence subject to exception by the defendant.

Other facts are stated in the opinion.

*G. W. Anderson,* (*E. H. Ruby,* with him,) for the plaintiff.

*S. L. Whipple,* (*H. H. Armington & A. Lincoln* with him,) for the defendants Wellman.

SHELDON, J. Whatever right of action the plaintiff had to maintain this bill against the individual defendants or any of them is that which was given to him by R. L. c. 110, § 58, cl. 3, which made them liable, if the debts of the corporation exceeded its capital, "to the extent of such excess existing at the time of the commencement of the suit against the corporation in which the judgment was recovered, upon which the suit in equity to enforce such liability is brought." The plaintiff's original suit against the corporation was brought on September 14, 1903. But the statute referred to was repealed by St. 1903, c. 437, § 95, which took effect on the first day of August of that year. And it is claimed by the defendants that the liability now sought to be enforced accrued for the first time on September 14, 1903, when the plaintiff brought his original suit; and so that this cause of action was not preserved by the last sentence of § 96 of the act last cited, that "the repeal of a law by this act shall not affect . . . any right accrued or established, or any action, suit or proceeding commenced under any of the laws repealed before the repeal took effect." See *Thayer* v. *New England Lithographic Co.* 108 Mass. 523. The question thus presented is one of some nicety; but we have not found it necessary to pass upon it, as we are of opinion that the plaintiff must fail for other reasons.

The plaintiff, in consideration of a payment made by the other individual defendants, has covenanted not to sue them or to enforce their liability, and has given to them a limited release; and seeks to obtain a decree only against the heirs and next of kin of George S. Wellman.

Wellman died on November 1, 1903; an administrator of

his estate was duly appointed, and the period allowed by R. L. c. 141, § 9, for the bringing of actions against the administrator expired on November 5, 1905. The plaintiff recovered judgment in his suit against the corporation on March 10, 1906, and brought this bill May 19, 1906.

The plaintiff claims that he can maintain this bill under R. L. c. 141, §§ 26, 27. The first of these sections provides that after the settlement of an estate by an executor or administrator, and after the expiration of the time within which creditors of the deceased may sue him, "the heirs, next of kin, devisees and legatees of the deceased shall be liable in the manner provided in the following sections for all debts for which actions could not have been brought against the executor or administrator, and for which provision is not made in the preceding sections of this chapter." The following sections fix the manner in which a "creditor" of the deceased may enforce the liability thus created. To be entitled to this remedy, accordingly, the plaintiff must show that he was a creditor of the deceased, and that he holds a "debt" for which provision has not been made in the previous sections of R. L. c. 141.

Able and elaborate arguments have been addressed to us upon the question whether the statutory liability of a director of a corporation for the excess of the debts of the corporation above the amount of its capital existing at the time a creditor of the corporation may happen to select for bringing suit against the corporation, is a debt of the director himself within the meaning of R. L. c. 141, § 26. The question is not whether the original liability of the corporation to the plaintiff could be called a corporate debt, *Anderson* v. *Metropolitan Stock Exchange*, 191 Mass. 117, or whether similar liabilities of the corporation to other persons can be considered to be debts of the corporation for the purpose of determining whether its debts exceeded the amount of its capital stock; but whether the statutory liability of a director, as yet unfixed by any judgment or decree, can be said to be a debt due from him within the meaning of our statutes for the administration of estates. See *Woodbury* v. *Sparrell Print*, 187 Mass. 426 ; *Old Colony Boot & Shoe Co.* v. *Parker*, 183 Mass. 557 ; *Kelton* v. *Phillips*, 3 Met. 61 ; *Savage* v. *Shaw*, 195 Mass. 571. When such a liability of a director

was not by the terms of the statute made chargeable upon his estate, it was held that an executor or administrator could not be held therefor. *Ripley* v. *Sampson*, 10 Pick. 370. *Child* v. *Coffin*, 17 Mass. 64. The liability was so extended by the statutes embodied in R. L. c. 110, § 64, and by St. 1903, c. 437, § 37.

In our opinion, however, this bill cannot be maintained against the heirs or next of kin of Wellman, whether the liability sought to be enforced did or did not constitute a debt of their deceased ancestor. If it did constitute such a debt, the plaintiff's remedy was to present his claim to the Probate Court before the estate was fully administered, and to have the administrator ordered to retain sufficient assets of the estate for its satisfaction. R. L. c. 141, § 13. *Peabody* v. *Allen*, 194 Mass. 345. *Downer* v. *Squire*, 186 Mass. 189, 198, 199. If there was an existing debt, though the right of action had not yet accrued and would not accrue within two years from the giving of the administration bond, the provisions of this section made ample provision for the plaintiff's demand, and this bill cannot be maintained under the terms of § 26 of that chapter. *Pratt* v. *Lamson*, 128 Mass. 528. *Low* v. *Bartlett*, 8 Allen, 259. If the plaintiff's demand was a debt of this deceased director at all, the liability became fixed when he brought his suit against the corporation in September, 1903, although the right of action would not accrue until after he should obtain final judgment in that suit; and the case was not like *Bullard* v. *Moore*, 158 Mass. 418, or *Forbes* v. *Harrington*, 171 Mass. 386, 389.

If on the other hand the plaintiff's claim against Wellman for the debt of the corporation was not a debt within the meaning of that word as used in R. L. c. 141, then his heirs and next of kin are under no liability for its payment under §§ 26 and 27 of that chapter.

In either event the plaintiff has failed to make out any case against the only defendants whom he seeks to hold ; and it is not necessary to consider the effect of the releases given by the plaintiff to the other defendants or of the other suits brought by the plaintiff.

Nor need we consider the admissibility of the certificates filed by the corporation in the office of the Secretary of the

Commonwealth, though it is somewhat difficult to see on what ground they could be held to be inadmissible, at any rate against the individuals who had signed them.

*Bill dismissed.*