THE UNION MARKET NATIONAL BANK OF WATERTOWN
*vs.* ROBERT H. GARDINER & another, executors.

Norfolk.   May 20, 1931. — September 10, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Survival of Action. Probate Court,* Jurisdiction. *Executor and Admin-.
istrator. Limitations, Statute of. Corporation,* Officers and agents.
*Words,* "Action," "Creditor," "Debt," "Survival."

The liability, created by G. L. c. 156, §§ 36, 38, 39, of an officer to a
creditor of a corporation survives the death of the officer.

The word "action" in G. L. c. 230, § 1, is used in a sense sufficiently
comprehensive to include a suit in equity under G. L. c. 156, §§ 36,
38, 39.

The payee of a promissory note made by a Massachusetts corporation,
who has a right of action against an officer of the corporation under
G. L. c. 156, §§ 36, 38, 39, is, after the death of the officer, a "cred-
itor" of his estate within the provisions of G. L. c. 197, § 13.

Such right of action does not "accrue" within the meaning of G. L.
c. 197, § 13, until the expiration of ten days after demand upon the
corporation and neglect by it to pay the note, as provided in G. L.
c. 156, § 38.

The executor of a will who is also trustee under the same instrument
cannot be considered as having settled his executor's account until
it is allowed by the Probate Court.

Although the persons named as executors under a will also are named
therein as trustees of the residuary estate, and they have been ap-
pointed by the court as such trustees, the residuary estate has been
turned over by them as executors to themselves as trustees, their
ledgers as executors have been closed and ledgers as trustees opened,
an inheritance tax to the Commonwealth has been paid and their
final account as executors filed in the registry of probate, the estate
is not "fully administered" within the meaning of G. L. c. 197, § 13,
if it appears that a receipt for such taxes has not been filed in the
registry of probate, certain income and Federal estate taxes have not
been paid and the final account of the executors has not been allowed;
and therefore a petition under G. L. c. 197, § 13, by a creditor, hav-
ing a right of action against the estate of the decedent under G. L.
c. 156, §§ 36, 38, 39, may be allowed where there is nothing disclosed
to establish negligence or laches in delaying beyond a reasonable time
to make the demand upon the corporation under § 38 as the founda-
tion of the decedent's liability.

PETITION, filed in the Probate Court for the county of
Norfolk on January 20, 1930, and described in the opinion.

The petition was heard by *McCoole*, J., and was allowed. The respondents appealed.

*R. Homans*, (*F. Adams* with him,) for the respondents.

*D. Burstein*, (*V. C. Brink* with him,) for the petitioner.

RUGG, C.J.   This is an appeal from a decree of a probate court allowing a petition of The Union Market National Bank of Watertown for the retention of assets by the executors of the will of Ellerton P. Whitney to satisfy a claim alleged to be held by it against his estate.   The relevant facts are these: The testator died in February, 1928; his will was allowed and the bonds of his executors were approved on March 21, 1928.   The executors gave due notice of their appointment.   The testator for several years and until his decease was the treasurer and a director of the Newton Sand and Gravel Company, a corporation organized under the laws of this Commonwealth and hereafter termed the corporation.   The corporation was indebted to the bank on a promissory note indorsed by the testator, on which payments have been made but on which a substantial balance is still due.   No action was commenced to enforce the liability of the testator on this note within one year from the time of giving bonds by the executors, that is by March 21, 1929, as required by G. L. c. 197, § 9.   On December 3, 1929, the bank made written demand on the corporation for payment of the balance due on the note and the corporation neglected to pay it for ten days thereafter.   On December 23, 1929, the bank brought a suit in equity to enforce the statutory liability of the testator as treasurer and director of the corporation.   The bill in that suit contains allegations of facts as to conduct by the testator to establish such statutory liability.   It also is alleged that knowledge of these facts did not come to the bank until December 3, 1929, when demand was made upon the corporation for the payment of the note.   The statutory liability sought to be enforced is set out in G. L. c. 156, § 36, whereby it is provided, so far as here material, that the "president, treasurer and directors of every corporation shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers

thereof if any stock is issued in violation of section fifteen or sixteen, or if any statement or report required by this chapter is made by them which is false in any material representation and which they know, or on reasonable examination could have known, to be false . . . ."

The cause of action thus described and the method of its enforcement are wholly the creature of the statute. They were unknown at the common law. *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557, 559. The method of enforcement of such liability is set forth in G. L. c. 156, § 38, in these words: ". . . the president or treasurer, or a director . . . shall be held so liable under section thirty-six . . . , if before a suit to enforce such liability is brought by a creditor of said corporation, a written demand by or on behalf of the creditor upon such corporation for the payment of his claim has been made, and said corporation has for ten days thereafter neglected to pay it . . . after the said demand and neglect to pay the claim, any creditor may file a bill in equity . . . in behalf of himself and of such other creditors of the corporation, entitled to enforce their claims against the same defendants, as may join in the bill as plaintiffs, against it and all persons who are liable to the plaintiff as . . . officers . . . ." Further provisions in the following § 39 are these: "Such suit shall not be discontinued by the plaintiff except by order of the court after notice to other creditors. It shall not . . . abate by reason of the death of a defendant, but his estate shall be liable in the hands of his executor . . . ." if he becomes a party to the suit.

The present proceeding is founded on G. L. c. 197, § 13. Its pertinent words are: "A creditor of the deceased, whose right of action does not accrue within one year after the giving of the administration bond . . . may present his claim to the probate court at any time before the estate is fully administered; and if, upon examination thereof, the court finds that such claim is or may become justly due from the estate, it shall order the executor . . . to retain in his hands sufficient assets to satisfy the same . . . ."

The respondents contend that the claim of the bank founded on the statutory liability of the testator as officer of the corporation did not survive the death of the testator and that, not having been put in suit during his life, it cannot now be enforced.   Although the action thus created by statute has often been referred to as penal, that is not decisive against its survival.   "Such allusions are ordinarily descriptive and not constructional."   *E. S. Parks Shellac Co.* v. *Harris*, 237 Mass. 312, 318, and cases reviewed.   It was decided in *Hudson* v. *J. B. Parker Machine Co.* 173 Mass. 242, that under the statutes then in force this statutory liability of an officer of a corporation, even though not put in suit during his life, continued after his death against his property in the hands of an executor or administrator.   Since that decision there has been no change in the governing statutes affecting this point.   The circumstance that Pub. Sts. c. 106, § 66, continued in R. L. c. 110, § 64, was omitted from the revision found in St. 1903, c. 437, and does not appear in G. L. c. 156 wrought no change in this particular. That section was negative in form, did not create liability but limited a liability otherwise created, and related to liability resting on ownership of stock and not on conduct as an officer.   Compare *Gray* v. *Coffin*, 9 Cush. 192, 199, and *Mansur* v. *Pratt*, 101 Mass. 60.   It was stated in the course of the discussion in *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, at page 113, that it was plain from G. L. c. 156, § 37, that the Legislature intended that this cause of action should survive the death of a party.   This conclusion is fortified by G. L. c. 230, § 1, whereby it is provided that an "action which would have survived if commenced by or against the original party in his lifetime may be commenced and prosecuted by or against his executor or administrator." By the express terms of G. L. c. 156, § 39, already quoted, an action begun against such officer during his lifetime would survive his death.   The word "action" in said § 1 is used in a sense sufficiently comprehensive to include a suit in equity such as that here sought to be maintained.   *Boston* v. *Turner*, 201 Mass. 190, 196.   *Pigeon's Case*, 216 Mass.

51, 56. *Ginzberg* v. *Wyman*, 272 Mass. 499. The terms of said § 1 are not restricted to the actions which survive under G. L. c. 228.

The bank is a "creditor" of the testator within the meaning of that word in G. L. c. 197, § 13. With respect to a claim of this character it was held in *Nickerson* v. *Wheeler*, 118 Mass. 295, that the liability was imposed by statute and should be construed with reference to the statute, that officers of a corporation by accepting their positions impliedly agreed to conform to the requirements of the statutes in making returns and that provisions for the benefit of creditors for failure in this respect have been construed as remedial; and it was said at pages 298–299, "The mode provided by law for the enforcement of the liability of the officers is in the nature of a suit upon a contract . . . . In substance, the remedy provided is also in contract. The officers are not held to compensate a creditor only for the injury which he has sustained, which would be their liability in an action of tort. They are treated as assuming the responsibility of the contract made by him with the corporation . . . ." See in this connection *Howarth* v. *Lombard*, 175 Mass. 570, 574, *Converse* v. *Ayer*, 197 Mass. 443, *Converse* v. *Nichols*, 202 Mass. 270. The statute of limitations as to contracts applies to liability of this nature. *Commonwealth* v. *Cochituate Bank*, 3 Allen, 42, 46. With respect to the meaning of "creditors" in G. L. c. 193, §§ 1, Third, 9, describing those entitled to administration of the estate of a decedent, it has been held that a person having a claim for personal injuries against the decedent was a creditor. *Bickford* v. *Furber*, 271 Mass. 94, 98. In some connections one may be held to be a creditor "who has a cause of action against the deceased which by law survives." *Smith* v. *Sherman*, 4 Cush. 408, 412. *Bianco* v. *Piscopo*, 263 Mass. 549, 552.

In some instances a claim such as that sought to be enforced against the estate of the testator might be termed a debt. "Debt" is a word of large import and often has been broadly construed. *Gray* v. *Bennett*, 3 Met. 522, 526. *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 455. *Bowen* v.

*Hoxie,* 137 Mass. 527, 531.  *Lothrop* v. *Parke,* 202 Mass. 104, 107.  *Gilman* v. *Taylor,* 266 Mass. 346, 349.  Of course in other instances it will be given a more constricted significance.  *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118.  It is not necessary to decide whether, the claim of the bank is a debt.  In no one of the sections of the statute on which the bank relies does the word "debt" occur as descriptive of the cause of action held by the creditor.  See *Anderson* v. *Metropolitan Stock Exchange,* 198 Mass. 76.  Nothing in *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557, requires a decision in favor of the contention of the executors on this point.

The right of action of the bank cannot be said upon this record to have accrued within one year after the appointment of the executors and thus be barred by the short statute of limitations.  G. L. c. 197, § 9.  Under the terms of G. L. c. 156, § 38, the cause of action did not accrue until the expiration of ten days after demand upon the corporation and neglect by it to pay the note.  *E. S. Parks Shellac Co.* v. *Harris,* 237 Mass. 312, 316.  *Campbell* v. *Whoriskey,* 170 Mass. 63, 65.  There is nothing in the facts here disclosed to establish negligence or laches in delaying beyond reasonable bounds to make the demand; hence those factors need not be considered.  *Fletcher* v. *Storer,* 220 Mass. 245.  Therefore the cause of action of the bank did not arise until ten days after demand was made on December 3, 1929.

The executors contend that the estate of the testator has been "fully administered" within the meaning of those words in G. L. c. 197, § 13, and that therefore the petition ought to be dismissed.  The facts upon which turns the soundness of that contention are these:  By the terms of the will of the testator, his residuary estate was given to trustees who were the same persons as his executors.  On July 11, 1929, the executors were appointed trustees and gave bonds.  On or about September 26, 1929, the executors closed their ledger as executors, opened their ledger as trustees and turned over to themselves as trustees the re-

siduary property of the estate. On October 24, 1929, the final account of the executors was filed showing the residuary estate as transferred to the trustees and citation was issued, but this account was not allowed when the present petition was filed, and on the same date they filed their inventory as trustees. The Massachusetts inheritance taxes were paid before the account of the executors was filed but the receipts therefor were not filed until after February 11, 1931. Certain income taxes were paid in 1930 and also an additional Federal estate tax. This narration of facts makes it plain that the estate of the testator was not fully administered when the present petition was filed. The executor of a will who is also trustee under the same instrument cannot be considered as having settled his executor's account until it is allowed by the Probate Court. This point is covered by authority and need not be elaborated. *Welch* v. *Boston*, 211 Mass. 178, and cases cited. *Lannin* v. *Buckley*, 256 Mass. 78, 81, 82, and cases cited. *Mooers* v. *Greene*, 274 Mass. 243, 252. Cases like *Forbes* v. *Harrington*, 171 Mass. 386, are distinguishable.

It becomes unnecessary to consider other matters which have been argued.

*Decree affirmed.*