The Frank Kumin Co. Inc. *vs.* M. Greta Moulton Marean & others.

Worcester.    September 27, 1932. — June 27, 1933.

Present: Rugg, C.J., Crosby, Pierce, Wait, & Donahue, JJ.

*Corporation*, Officers and agents, Certificate of condition. *Constitutional Law*, Impairment of the obligation of contracts. *Statute*, Amendment.

The liability of directors of a corporation under G. L. c. 156, § 36, was primarily for the protection of creditors of the corporation and was in the nature of an implied term of contracts between the corporation and its creditors; and rights acquired by creditors against directors under said § 36 were within the protection of the clause of art. 1, § 10, of the Constitution of the United States forbidding States to pass any "law impairing the obligation of contracts."

In a suit in equity commenced on October 28, 1931, by one who had become a creditor of a corporation in 1929 and 1930, to enforce the liability of its directors under G. L. c. 156, § 36, by reason of certificates of condition filed in 1929 and 1930, it was *held*, that such liability was not affected by the enactment of St. 1931, c. 313, § 1.

BILL IN EQUITY, filed in the Superior Court on October 28, 1931, and afterwards amended, to enforce the liability of directors of a corporation under G. L. c. 156, § 36.

It was alleged in the bill that the certificates of condition in question were filed on July 11, 1929, and on April 29, 1930. Other material allegations of the bill are described in the opinion.

The defendants demurred. By order of *Lummus,* J., there were entered interlocutory decrees sustaining the demurrers, and a final decree dismissing the bill. The plaintiff appealed from each decree.

*S. A. Seder,* for the plaintiff.

*L. M. Erskine & G. S. Taft,* for the defendants.

RUGG, C.J. The plaintiff, in 1929 and 1930, sold merchandise to the Moulton Textile Company, hereafter termed the corporation, which was adjudged a bankrupt on June 22, 1931, before its debt to the plaintiff was paid. The bill alleges that interest is due on the principal debt from October 22, 1930. The inference follows that the debt was due and payable on that date. On October 28, 1931, the plaintiff brought this suit in equity against two directors and officers of the corporation and the wife of a director and officer, although she was not a director or officer, to collect its claim. The directors will be referred to hereafter as the defendants. The bill is framed on G. L. c. 156, § 36, and contains allegations assumed to be adequate to set out a cause of action against the defendants who are officers and directors of the corporation under that section. By its provisions, so far as here pertinent, directors of a corporation were made "liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof . . . if any statement or report required" by that chapter "is made by them which is false in any material representation and which they know . . . to be false." The defendants demurred to the bill on the ground that the right asserted by the plaintiff was taken away by St. 1931, c. 313, § 1, amending the earlier statute and now embodied in G. L. (Ter. Ed.) c. 156, § 36. That amendment, so far as here pertinent,

struck out the original section and substituted a new section; but it added, after the words of the earlier section already quoted, these words: "provided, that if a report of condition as a whole states the condition of the corporation with substantial accuracy, in accordance with usual methods of keeping accounts, it shall not be deemed to be false; and provided, also, that the officers or directors signing a false report of condition shall be liable only for debts contracted and contracts entered into before the filing of the next subsequent report of condition, and only to persons who shall have relied upon such false report to their damage." The amending statute was approved and became a law on May 13, 1931, and took effect not earlier than ninety days thereafter. *Rosenthal* v. *Liss,* 269 Mass. 373, 376. Art. 48 of the Amendments to the Constitution, "The Referendum," Part I.

The question to be decided is whether said § 36 as it was prior to the amendment gave to the plaintiff as creditor of the corporation a right or remedy against its directors which could not be taken away by subsequent action by the General Court such as here is involved.

The cause of action against directors for the debts of the corporation and the method of its enforcement are wholly the creatures of statute. They are unknown to the common law and do not exist apart from statutes by which they are established. *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557, 559. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 113. *Union Market National Bank of Watertown* v. *Gardiner,* 276 Mass. 490, 492. It has been held, however, that the liability of directors created by said § 36 before the amendment of 1931 was "compensatory and remedial" and not merely penal. "It is something which the creditor had a right to consider and to rely upon when the debt was created. It constituted an implied term of every contract between the corporation and its creditors." *E. S. Parks Shellac Co.* v. *Harris,* 237 Mass. 312, 319. The nature of the liability of directors thus established is contractual. *Union Market National Bank of Watertown* v. *Gardiner,* 276 Mass. 490, 494. *Felker* v.

*Standard Yarn Co.* 148 Mass. 226.  *Nickerson* v. *Wheeler,*
118 Mass. 295, 298–299.  While it may have been, and
doubtless was, designed to have a deterrent effect upon
directors in signing, without careful scrutiny as to their
truth, statements and reports required by law, its primary
design and dominant result are not punishment of the
director but security to the creditor of the corporation.
This being the character of the statute and of the liability
thereby created, it follows that the force and effect of this
contractual obligation as to debts theretofore incurred can-
not be impaired by legislative mandate.  Statutes to that
end are forbidden by the clause in art. 1, § 10, of the Con-
stitution of the United States forbidding the several States
to pass any "law impairing the obligation of contracts."
This point is completely covered by *Coombes* v. *Getz,* 285
U. S. 434, where the question involved was the same as
that here presented and was fully discussed.  It there was
held that a similar liability of directors to creditors, already
accrued, for moneys of a corporation embezzled or misap-
propriated by officers during the terms of directors could
not be impaired by action of the State.  It there was said
at page 442: "The right of this petitioner to enforce re-
spondent's liability had become fully perfected and vested
prior to the repeal of the liability provision.  His cause
of action was not *purely* statutory.  It did not arise upon
the constitutional rule of law, but upon the contractual
liability created in pursuance of the rule.  Although the
latter derived its being from the former, it immediately
acquired an independent existence competent to survive the
destruction of the provision which gave it birth.  The re-
peal put an end to the rule for the future, but it did not
and could not destroy or impair the previously vested right
of the creditor (which in every sense was a property right,
*Ettor* v. *Tacoma,* 228 U. S. 148, 156; *Pritchard* v. *Norton,*
106 U. S. 124, 132) to enforce his cause of action upon the
contract."  It would be vain to elaborate the question after
this authoritative and controlling pronouncement.

To the same effect in substance is *Manchester* v. *Popkin,*
237 Mass. 434.  The cases of *Wilson* v. *Head,* 184 Mass.

515, and *Yeomans* v. *Heath*, 185 Mass. 189, are distinguishable because the statute there involved was mainly punitive, intended to suppress a species of gambling, and gave no vested rights. Since the amending statute changed the basis of the liability of directors, it is unnecessary to inquire whether the statute of limitations might have been shortened so as to have effect on the present suit. See *Mulvey* v. *Boston*, 197 Mass. 178.

It follows that there was error in sustaining the demurrer. The bill set out a cause of action. The right of the plaintiff against the directors was not affected by the enactment of St. 1931, c. 313, § 1. *Manchester* v. *Popkin*, 237 Mass. 434.

*Interlocutory and final decrees reversed.*