STANDARD OIL COMPANY OF NEW YORK *vs.* BACK BAY HOTELS GARAGE, INC., & others.

Suffolk. October 5, 6, 1933. — January 5, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Corporation*, Officers and agents, Certificate of condition. *Equity Pleading and Practice*, Findings by judge. *Bankruptcy*, Discharge. *Statute*, Amendment.

The liability under G. L. c. 156, § 36, before its amendment by St. 1931, c. 313, § 1, of a director of a corporation to pay debts of the corporation to its creditors extended to debts of the corporation existing at the time of the making of the false statement or report described in the statute and also to debts thereafter arising while the director held office.

Liability of directors of a corporation, under G. L. c. 156, § 36, by reason of false certificates of condition signed by them in 1928 and 1929, to pay a debt of the corporation contracted on an open account running from September, 1928, to September, 1930, and sought to be enforced in a suit in equity begun in October, 1931, was not affected by the amendment of the statute by St. 1931, c. 313, § 1.

At the hearing of a suit against six directors of a corporation to enforce liability under G. L. c. 156, § 36, by reason of false statements respecting the value of real estate of the corporation set out in two certificates of condition signed by the defendants, there was evidence of the history of the land and its improvement and of the promotion of the corporation, and testimony by two of the defendants as to their opinions respecting the value of the real estate and of an expert on such value called by the plaintiff. The judge found that the actual value of the real estate was only about one half of the value stated in one of the certificates and only about three fourths of the value stated in the other certificate; and concluded that the statements made were false. A decree for the plaintiff was entered. The defendants appealed. *Held,* that

(1) The value was a fact capable of ascertainment;

(2) While, in ascertaining whether the statement of value in the certificates was false within the statutory provisions, allowance should be made for honest differences of opinion on the subject, the conclusion arrived at by the judge was not shown to have been unwarranted;

(3) The decree was warranted.

Liability of a director of a corporation under G. L. c. 156, § 36, not reduced to judgment, was not a contractual obligation within the meaning of the national bankruptcy act, and therefore was not discharged by reason of the director's having been discharged in bankruptcy.

BILL IN EQUITY, filed in the Superior Court on October 14, 1931, against Back Bay Hotels Garage, Inc., and Winthrop R. Scudder, Theodore B. Plimpton, Leon E. Thompson, Jeremiah S. Connors, George Nelson Meserve, and Arthur P. Bryant, to have adjudged a debt owed to the plaintiff by the defendant corporation and liability of the individual defendants therefor under G. L. c. 156, § 36.

Material averments of the bill, admitted by the defendants in their answers, were as follows: The plaintiff did business with the defendant corporation between September, 1928, and September 15, 1930, on an open account on a credit basis. On September 15, 1930, the corporation owed the plaintiff on that account $6,238.31. On November 15, 1930, the plaintiff made a demand in writing of the

corporation, in accordance with the provisions of G. L. c. 156, § 38. Thereafter, at seven different dates in 1930 and 1931, some before and some after suit was begun, the corporation made payments on account amounting in all to $4,467.37.

The suit was heard by *Weed,* J. Among other findings by him were the following:

The parties agreed that there was due the plaintiff the sum of $1,576.64 with interest from September 13, 1932.

A certificate of condition was filed on behalf of the corporation dated July 10, 1928, and signed by the defendants Scudder, Thompson, Bryant, and Plimpton, in which the value of the corporation's real estate was stated to be, on December 31, 1927, $646,874.48. A certificate dated September 13, 1929, and signed by the defendants Scudder, Thompson and Plimpton stated the value of the corporation's real estate to be, on December 31, 1928, $1,224,392.79. A certificate dated July 29, 1930, and signed by the defendants Scudder, Thompson, Plimpton, Connors, and Meserve, stated the value of the real estate of the corporation on December 31, 1929, to be $1,236,731.48. The third certificate was not filed until after the debt here in issue was contracted.

The judge heard, as evidence of the value of the real estate at the times in question, certain evidence as to the history of its development and the promotion of the corporation and opinion evidence of the defendants Scudder and Thompson and of one James D. Henderson, called by the plaintiff, and stated: "Upon all the evidence, I am not satisfied that the corporation had as an asset on December 31, 1927, real estate of the value of $646,874.48 or of a value much, if any, exceeding $325,000, or on December 31, 1928, of the value of $1,224,392.79 or of a value exceeding $900,000, or on December 31, 1929, of the value of $1,236,731.48 or of a value exceeding $900,000. I find the several certificates of condition containing these figures each to be false in a material representation. I deem it to be a reasonable inference from the evidence that the individual defendants who signed the same, knew, or on rea-

sonable examination could have known, the same to be false in such particulars. I am satisfied that the individual defendants relied on the reports obtained by the promoters in the summer of 1927 and based their opinion of value of the land and of appropriate capitalization of the corporation on the expectations so aroused. All of the facts hereinbefore related were known to Scudder, Plimpton and Thompson, and so far as appeared might have been readily learned by the other defendants. I assume that consciousness of falsehood is not essential to liability where the facts are shown or could on reasonable examination be known 'and would show to the ordinary mind that the valuation could not be true.'"

The judge ruled that the discharge in bankruptcy of the defendant Plimpton was ineffectual to bar the claim against him; and that the amendment of the statute in St. 1931, c. 313, § 1, was not applicable. By his order a final decree was entered adjudicating that the defendant corporation was indebted to the plaintiff $1,576.64 and interest, as agreed upon by the parties "for a debt contracted or entered into while the" individual defendants "were directors of the corporate defendant"; that "certain certificates of condition were signed by the individual defendants Scudder, Thompson, Plimpton, Meserve, Bryant, and Connors as directors of the corporate defendant . . . which were false in material representations which the defendants Scudder, Thompson, and Plimpton knew to be false and the defendants Connors, Bryant, and Meserve could on reasonable examination have known to be false"; and that the individual defendants were jointly and severally liable to the plaintiff in the amount of the debt of the corporation; and they were ordered to pay that debt with costs.

The individual defendants appealed.

*D. M. Hill & K. L. Pease,* (*D. M. Hill, Jr.,* with them,) for the defendants.

*P. E. Troy,* for the plaintiff.

LUMMUS, J. The plaintiff is a creditor of the defendant corporation in the sum of $1,576.64 with interest from September 13, 1932, and the defendant corporation neglected

to pay the debt for more than ten days after written demand on November 15, 1930, under G. L. (Ter. Ed.) c. 156, § 38. This bill is brought to hold liable for said debt the individual defendants who were officers of the corporation when it was contracted, and each of whom as president, treasurer or director signed one or more certificates of condition in 1928 or 1929 containing a material false representation as to the value of the real estate of the corporation which, on reasonable examination, he could have known to be false. These facts, unless the findings of the judge are to be set aside, established the liability of all the individual defendants, under G. L. c. 156, § 36. "The liability extends to obligations existing at the time the false statement or report is made, and to those thereafter arising while they hold office." *E. S. Parks Shellac Co.* v. *Harris,* 237 Mass. 312, 314. The relaxation of liability by St. 1931, c. 313, § 1 (now G. L. [Ter. Ed.] c. 156, § 36), which was approved and took effect after the substantive basis of this suit became complete on November 25, 1930 (*Union Market National Bank of Watertown* v. *Gardiner,* 276 Mass. 490, 495), can afford no defence to the present suit. *Frank Kumin Co. Inc.* v. *Marean,* 283 Mass. 332.

The defendants attack the conclusion of the judge that on reasonable examination they could have known that the valuation stated was false and excessive. Though value rests upon opinion, it is a fact, and one constantly found by juries. The fact of value may be stated falsely. A false statement of value has been the foundation for a conviction of perjury. *Commonwealth* v. *Butland,* 119 Mass. 317. It has likewise supported an action for deceit. *Andrews* v. *Jackson,* 168 Mass. 266. *Butler* v. *Martin,* 247 Mass. 169. *Reinherz* v. *American Piano Co.* 254 Mass. 411, 420, 421. The cases in which a false representation as to value has been held nonactionable go on the ground that where the defendant has stated merely his own opinion rather than the opinion of the market which determines value, the plaintiff ought not to rely upon the representation. *Deming* v. *Darling,* 148 Mass. 504. *Lynch* v. *Murphy,* 171 Mass. 307. *Gaucher* v. *Solomon,* 279 Mass. 296, 299. Nevertheless,

the element of opinion so pervades value that some allowance must be made for honest difference of opinion after reasonably careful examination when we are called upon to determine statutory liability for a false statement of value. *H. B. Humphrey Co.* v. *Pollack Roller Runner Sled Co. Inc.* 278 Mass. 350, 353. In the present case, without discussing the subsidiary facts in detail, it is enough to say that we agree with the conclusion of the judge that the valuation stated by the defendants was false and a material misrepresentation, and that the defendants on reasonable examination could have known its falsity.

The defendant Plimpton filed a petition in bankruptcy on February 26, 1932, and on June 17, 1932, obtained his discharge, which he set up in bar of this suit. Bankruptcy discharges only provable debts. 42 U. S. Sts. at Large, 354, c. 22. *Smith* v. *McQuillin,* 193 Mass. 289. *Ellis* v. *Burnham,* 263 Mass. 57, 59. Provable debts include those which are " (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition . . . whether then payable or not . . . (4) founded upon an open account, or upon a contract express or implied . . . ." 30 U. S. Sts. at Large, 562, § 63. The provision following that, for the liquidation and proof of unliquidated claims, relates only to unliquidated claims provable under the passage quoted, and does not enlarge the class of provable claims. *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557, 561, 562. *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273, 275. *Schall* v. *Camors,* 251 U. S. 239, 249–251. Claims "founded . . . upon a contract" need not be absolutely owing at the time of filing the petition in order to be provable, but may be liquidated pending the proceedings, and then proved. *Frederic L. Grant Shoe Co.* v. *W. M. Laird Co.* 212 U. S. 445. *Williams* v. *United States Fidelity & Guaranty Co.* 236 U. S. 549. *Maynard* v. *Elliott,* 283 U. S. 273. See *Ellis* v. *Burnham,* 263 Mass. 57; *Quirk* v. *Smith,* 268 Mass. 536. The liability for an assessment upon stockholders in a trust company "is an essential element in the contract by which the stockholders became members of the corporation,"

and "becomes a part of every contract, debt, and engagement of the" trust company.  Accordingly, it has been held that the liability arising out of such an assessment is "founded . . . upon a contract" and provable in bankruptcy.  *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, 424–427.  And in *Frank Kumin Co. Inc.* v. *Marean,* 283 Mass. 332, 335, it was held as to the liability of directors under G. L. c. 156, § 36, that in its nature it is contractual and that "the force and effect of this contractual obligation as to debts theretofore incurred cannot be impaired by legislative mandate."   Yet in *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557, 559, 561, 562, the liability of a director under Pub. Sts. c. 106, § 60, "For debts contracted between the time of making or assenting to a loan to a stockholder and the time of its repayment," not reduced to judgment against the director (*Lewis* v. *Roberts,* 267 U. S. 467), was held a liability "for a wrong done" and one that "does not arise out of any contractual obligation," and consequently one not discharged in bankruptcy.   See also 62 Am. L. R. 988. The liability of officers and directors now contained in G. L. c. 156, § 36 (G. L. [Ter. Ed.] c. 156, § 36), was dealt with in the same section of the public statutes, was enforced in the same way, and fell within the reasoning and principle of the *Old Colony Boot & Shoe Co.* case.   That case was recognized as law, and a distinction between the liability of officers and directors in general and that of shareholders in a national bank or a trust company was taken, in *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, 424, 425.   It was also cited with apparent approval in *Union Market National Bank of Watertown* v. *Gardiner,* 276 Mass. 490, 492, *Continental Corp.* v. *Gowdy,* 283 Mass. 204, 210, and *Frank Kumin Co. Inc.* v. *Marean,* 283 Mass. 332, 334. The statutory liability became attached to the contract between the corporation and the creditor in such a way that it could not be detached by subsequent legislation;  but after all the liability is founded upon a statute and not "upon a contract" of the officer or director within the meaning of the bankruptcy act.   *Continental Corp.* v. *Gowdy,* 283

Mass. 204, 210. In our opinion, the *Old Colony Boot &
Shoe Co.* case governs the present case on the bankruptcy
point. It follows that the discharge in bankruptcy of the
defendant Plimpton cannot avail him.

*Decree affirmed with costs.*