Bolster, C. J.
This report concerns the right of the plaintiff to reach money payable by the trustee to the defendant. The latter’s husband, Daniel T. O’Hayre, in 1922, received from the trustee an endowment policy, maturing in 1964, and containing the trustee’s promise in case of the prior death of the insured to pay the principal defendant the sum of $50. and 119 further monthly payments mailing $6000. in all. No right to change the beneficiary was reserved. The policy provides that “no beneficiary may assign or commute instalment payments unless such right has been given by the insured and is endorsed on the policy by the company — during the lifetime of the insured”. There is no such endorsement. Daniel T. O’Hayre died April 27, 1938.
*159 ■ The decision below, turned on the construction ■ of G-en. Laws, Ch. 175, §119 A. It provides— ■ ■
“If, under the terms of any annuity contract or policy of life insurance, or under any written agreement supplemental thereto, issued by any life company, the proceeds are retained by such company at maturity or otherwise, no person entitled to any part of such proceeds, or any instalment of interest due or to become due thereon, shall be permitted to commute, anticipate, encumber, alienate or assign the same, or any part thereof, if such permission is expressly withheld by the terms of such contract, policy or supplemental agreement; and if such contract, policy or supplemental agreement so provide, no payments of interest or of principal shall be in any way subject to such person’s debts, contracts or engagements, nor to any judicial processes to levy upon or attach the same for payment thereof. No such company shall be required to segregate such funds but may hold them as a part of its general corporate funds”.
That statute is not applicable. When first passed in 1921 (.Stat. 1921, Ch. 168) it was by its terms limited to domestic life companies, which this trustee is not. By Stat. 1931, Ch. 64, the word “domestic” is stricken out. But this insurance contract was then in force, and there is no evidence that the insured ever consented to modify it. cf. W. B. Worthen Co. v. Thomas, 292 U. S. 426; Cunningham v. Commonwealth, 278 Mass. 343; Wynn v. Board of Assessors of Boston, 281 Mass. 245.
If, as the plaintiff contends, the statute assumes to say that to create exemption by stipulation, the contract must recite a provision against judicial seizure, then it is inapplicable to existing contracts, cf. Frank Kumin Co. v. Mareau, 283 Mass. 332. If, on the other hand, it is only a withdrawal of the right to use process for judicial seizure, it is unnecessary to decide whether that could be done to the disadvantage of existing creditors, for so far as *160 shown this creditor’s rights arose after the statute of 1931 was passed.
Even if we are in error in holding the statute inapplicable, we disagree with the trial judge’s construction of it. Having in mind the main result aimed at, we think this statute only says that if the contract of the parties f orbids assignment or commutation, a creditor shall not by legal process accomplish a result which his debtor lacked power to bring about. It is too strained a construction to hold that the contract, which has already forbidden assignment, must also to create exemption provide against legal results which might otherwise follow. We consider that part of the statute as only declaratory, for it is well settled that apart from fraud, a creditor attaching by trustee process stands in the shoes of his debtor, and that the debtor’s incapacity is also the creditor’s incapacity. Bucknam v. Bucknam, 1936 A. S. 891, 893.
The plaintiff urges that the result is changed by the following facts. The insured had decreased the value of the policy by borrowing from the company, malting the monthly instalments $36.27 instead of $50. In lieu of continuing the obligations of the policy concerning monthly payments, the company received a surrender of the policy and issued to the beneficiary an instalment certificate reciting that it is issued in consideration of the surrender of the policy “and in accordance with the conditions in said policy”, and promising to pay the defendant, the beneficiary, one hundred and twenty monthly payments of $36.27. It contains a provision that the certificate may not be assigned or transferred. If the beneficiary had had the right to receive from the company, on proof of death of the insured, a sum in gross, and with that had. bought from the company an instalment agreement containing provisions against assignment, the plaintiff’s argument *161 about spendthrift trusts might have weight. But all that she could claim, all that under the agreement between her husband and the company it was bound to give her, was . a series of deferred instalments, inalienable because of the agreement with her husband who created the fund for her benefit. The intrinsic situation is not altered by a mere change in form of the document which expressed the same obligation. That the company gave up, if it did give up, some minor stipulations inserted in the policy for its own protection, such as the right to require the personal endorsement of the beneficiary upon instalment checks, does not change the situation, nor enlarge the creditor’s rights.
Claimant’s claim maintained.
Trustee discharged.