CLIFTON G. ELLIS *vs.* NEWMAN A. BURNHAM.

Essex.　January 17, 1928.— March 2, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Bankruptcy,* Provable claim, Discharge. *Contract,* To make new note.

The claim against the maker of a promissory note containing an agreement that, if the note was not paid at maturity, the maker, if "physically and mentally able to do so," then would make a new note for any balance of the note then unpaid, is a claim provable in proceedings in bankruptcy begun by a voluntary petition by the maker before the time when the note became due and the time for performance of the agreement to give a new note had arrived; and, the payee having had due notice of such proceedings, a discharge of the bankrupt, issued after the due date of the note, was a bar to a suit in equity for specific performance of the agreement to issue a new note.

BILL IN EQUITY, filed in the Superior Court on November 12, 1925, for specific performance of the agreement stated in the opinion.

The suit was heard in the Superior Court by *Lourie*, J., upon a case stated. The judge ordered the bill dismissed. The plaintiff alleged exceptions.

*W. F. Barrett*, for the plaintiff.

*G. G. Davis*, for the defendant.

SANDERSON, J. This is a bill in equity for specific performance of a written contract of the defendant to give the plaintiff a new note. The action was submitted by the parties upon a case stated. The judge, by ordering the entry of a decree dismissing the bill, in effect ruled that the plaintiff had not stated a case for equitable relief. The plaintiff seeks by his bill of exceptions to have this ruling reversed.

The material part of the note containing the contract relied upon is in the following terms:

"Haverhill, Massachusetts
October 11th 1924

$1787.75

For VALUE RECEIVED I promise to pay to the order of Clifton G. Ellis on October 10th 1925, or one year from the date hereof, the sum of ONE THOUSAND, SEVEN HUNDRED, EIGHTY-SEVEN DOLLARS and SEVENTY-FIVE CENTS ($1787.75) in money of the United States of America; and in the event that I have not paid the said sum of one thousand, seven hundred, eighty-seven dollars and seventy-five cents ($1787. 75) by said October 10th 1925, then I hereby further agree and promise, for consideration received as aforesaid, if I am physically and mentally able to do so and only on this contingency, to make a new note payable in one year from that date, or on or about October 10th 1926, for the balance unpaid by me of the said one thousand, seven hundred, eighty-seven dollars and seventy-five cents ($1787.75) with interest at the rate of six per cent per annum on said unpaid balance, said note to be payable to the order of the said Clifton G. Ellis at any bank in Haverhill, Massachusetts, said new note to contain all the terms and conditions of this note and agreement. (Signed) NEWMAN A. BURNHAM"

The defendant Burnham, in the year 1923, borrowed the sum of $1,400 from the plaintiff and gave him a promissory note, payable on demand, for the sum of $1,400. The defendant, being unable to pay the note in cash when payment was demanded, gave the plaintiff the new note and agreement hereinbefore set forth. This note and agreement were given by the defendant and accepted by the plaintiff in payment of the defendant's note for $1,400. In October, 1925, when the note last given matured, the defendant was physically and mentally able to make and give the plaintiff a new note and agreement required by the terms and conditions of the note and agreement dated October 11, 1924, but refused and still refuses to do so. No part of the note in suit has been paid. On or about July 24, 1925, the defendant filed a voluntary petition in bankruptcy. Notice of the petition was duly given to the plaintiff. The defendant's liability on the document, herein called note and agreement, was duly scheduled in the petition as a promissory note, although the terms of the same were not set forth. The plaintiff did not file his claim or take any part in the bankruptcy proceedings. On or about December 11, 1925, the defendant received his discharge in bankruptcy and now pleads the same in defence of this suit.

The question for decision is whether this discharge relieved the defendant from the obligation of his agreement to give a new note. A discharge in bankruptcy releases the bankrupt from liability on all provable claims, but not on claims not provable. *Watson* v. *Merrill*, 136 Fed. Rep. 359, 363. A fixed liability, whether liquidated or not, may be proved in bankruptcy. U. S. Comp. Sts. 1901, 3447. *Loeser.* v. *Alexander*, 176 Fed. Rep. 265. The liability of the debtor is ascertained as of the date of filing the petition in bankruptcy. "If the existence of the debt or claim, whether liquidated or unliquidated, is then contingent, it is not provable." *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273, 275. *French* v. *Morse*, 2 Gray, 111. "A contingent claim is one as to which it remains uncertain, at the time of the filing of the petition in bankruptcy, whether or not the bankrupt will ever become liable to pay it." *In re Mullings*

*Clothing Co.* 238 Fed. Rep. 58.   *Dunbar* v. *Dunbar,* 190 U. S. 340, 345.

If it is certain that the bankrupt is liable to pay a claim although it may be uncertain how much he will have to pay "the claim is unliquidated, but it is not contingent.". *In re Mullings Clothing Co., supra.* A promissory note of the bankrupt, although not due at the beginning of the bankruptcy proceedings, may be proved. *Germania Savings Bank & Trust Co.* v. *Loeb,* 188 Fed. Rep. 285, 289. *In re Roth & Appel,* 181 Fed. Rep. 667.

In the case at bar the promissory note was a definite promise to pay a sum of money — a fixed liability. Payment would be a defence to any action on the note or for breach of the accompanying agreement. Apart from bankruptcy, if the note were not paid at maturity and a new note not given, the payee could sue on the note or recover damages for breach of the agreement, but if he adopted the latter course the measure of damages would be the value of the note. If at maturity the maker were not physically and mentally able to make a new note, his liability as maker would remain. His liability as maker was not dependent on any contingency. At the time of the filing of the petition in bankruptcy, it was certain that at some time the defendant would be bound to pay the amount due with interest, either at the maturity of the note or one year thereafter. The only contingency was whether he might be able to postpone the payment a year by giving a new note. Parties are not permitted by such an agreement to circumvent the object of the bankruptcy act, and the case is controlled in principle by *Federal National Bank* v. *Koppel,* 253 Mass. 157, 159. In our opinion the note was provable in bankruptcy, and the discharge of the defendant is a bar to recovery on the note and is a defence to the present suit.

*Exceptions overruled.*