EMBRY, Justice.
Edward Hilgeman appeals from a judgment which disallowed his claim against the assets of Empire Life Insurance Company, a corporation in receivership. We reverse.
In 1963 Hilgeman purchased a “security charter contract” from National Insurance Company of America. Two years later a majority of the voting stock of National was purchased by Empire. In 1969 Hilge-man filed a class action in U.S. District Court for the Northern District of Alabama against National and Empire alleging violations of the federal securities laws and common law fraud. In June of 1972, Empire was placed in receivership by the Jefferson County Circuit Court which, two years later, ordered the receiver to liquidate the affairs of Empire.
The receiver established a claim filing period for the liquidation of Empire, but Hilgeman was not notified of such. The receiver later became aware of Hilgeman’s having a potential claim and petitioned the court to allow Hilgeman to file his claim. The petition was granted and Hilgeman filed his claim on behalf of himself and all persons who had purchased the security charter contracts.
After the Hilgeman claim was filed, the receiver filed a report recommending disal-lowance of the claim. Hilgeman then moved to stay further proceedings concerning the liquidation of Empire until the federal case was adjudicated. Subsequently, a pretrial hearing was held and the parties agreed to an order, which the receivership trial court adopted, establishing three issues to be decided.
The issue relevant to this appeal is:
“Should the claim of Edward Hilgeman and the class be denied under provisions of § 27-32-30, Code of Alabama, 1975 on the grounds that such claims are contingent and unliquidated? As to this contention, the court understands that the claimant contends that the claims of Hilgeman and the class may be asserted, enforced and prosecuted pursuant to § 27-1-14, Code of Alabama, 1975.”
The court ruled that Hilgeman’s claim was barred by Code 1975, § 27-32-30. The remaining two issues were never addressed because they were dependent upon Hilge-man’s prevailing on the first issue.
We are compelled to reverse the lower court due to the fact the trial court appears to have predicated its denial of Hilgeman’s claim on the ground that Code 1975, § 27-32-30 bars the claim. We disagree.
The pertinent part of § 27-32-30 reads as follows:
“(a) No contingent and unliquidated claim shall share in a distribution of the assets of an insurer which has been adjudicated to be insolvent by an order made pursuant to this chapter; * *
The trial court held, in effect, that Hilge-man’s claim was contingent and unliquidat-ed within the meaning of the quoted portion of § 27-32-30 and could not, therefore, be paid as a share of the distribution of Empire’s assets.
In reaching its decision, the trial court dismissed Hilgeman’s argument that Code 1975, § 27-1-14, removed Hilgeman’s claim from the prohibition delineated in § 27-32-30. In dismissing this argument, the trial court erred. Section 27-1-14 reads as follows:
“This title shall not impair or affect any act done, offense committed or right *1329 accruing, accrued or acquired or liability, penalty, forfeiture or punishment incurred prior to January 1, 1972, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully, and to the same extent, as was possible prior to January 1, 1972.”
In the present case, any possible liability of Empire, or any possible act or offense committed by Empire, accrued or was incurred prior to January 1, 1972; therefore, § 27-32-30 should not have been considered in determining whether or not Hilgeman’s claim was allowable. Hilgeman’s claim should have been considered under the law that was applicable to such claims prior to January 1, 1972.
In reversing, we are not deciding whether Hilgeman’s claim should permit Hilgeman, and the class he represents, to share in the distribution of Empire’s assets. Even before the legislature adopted § 27-32-30, a court of equity could disallow contingent claims in receivership cases. The rule permitting courts to disallow contingent claims was a development of common law which arose independent of statute. Jacob Ruppert Realty Corp. v. Bank of United States, 156 Misc. 93, 281 N.Y.S. 761; aff’d without op. 249 App.Div. 721, 292 N.Y.S. 997; aff’d without op., 276 N.Y. 629, 12 N.E.2d 611 (1935). While Hilgeman contends this claim is not contingent, we agree with the trial court’s conclusion that it is. In insolvency cases, a contingent claim is one as to which it remains uncertain whether the insolvent party will ever become liable to pay. If liability is certain then the claim is not contingent but merely unliqui-dated. In re Munsie, 32 F.2d 304 (D.Conn.1929). (Citing In re Mullings Clothing Co., 238 F. 58 (2nd Cir. 1916)), rev’d on other grounds, 33 F.2d 79 (1929); Ellis v. Burnham, 263 Mass. 57, 160 N.E. 437 (1928). This differs from the definition of contingent claims used in regard to the statute of nonclaims applicable to the administration of estates. See Moore v. Stephens, 264 Ala. 86, 84 So.2d 752 (1956).
In the absence of Code 1975, § 27-32-30, claims are not per se disallowable in receivership cases just because the claims are contingent and unliquidated. To determine whether or not such claims should be allowed, the trial court must balance the equities of the substantial right of all creditors to share in the debtor’s property against the necessity for expeditious administration of the receivership. First Empire Bank v. Federal Deposit Ins. Corp., 572 F.2d 1361 (9th Cir. 1978); Penn Steel Co. v. New York City Ry. Co., 198 F. 721 (2d Cir. 1912). In making this determination contingent claims are generally divided into two classes: (1) those whose values can be ascertained by recognized methods of computation within a time period that is consistent with expeditious settlement; and (2) claims which are so uncertain that their value is incapable of being ascertained. Claims that fall within class one may be allowed, while claims which fall within class two should not be allowed. First Empire Bank, supra; Penn Steel Co., supra.
In closing, we note that the fact the Hilgeman claim is based on a case pending in federal court does not require the trial court to delay distribution of Empire’s assets until the final resolution of that case, even though the federal court has exclusive jurisdiction over the case. The trial court may decide to disallow the Hilgeman claim and proceed with the distribution, if equity so requires. The receivership court has the power to fix the time for distribution and may, in the exercise of judicial discretion, decline to postpone distribution awaiting disposition of litigation concerning a disputed claim in another court. Riehl v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929); Chicago Title & Trust Co. v. Fox Theatres Corp., 69 F.2d 60 (2d Cir. 1934). See also 2 Couch on Insurance 2d § 22:77 (1959).
For the reasons assigned we reverse the judgment below and remand for decision consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.